UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUDY DOE NO. 1, et al., | Case No. 2:19-CV-1904 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| WYNN RESORTS, LIMITED, et al., | |
| Defendant(s). | |

Presently before the court is defendant Wynn Las Vegas, LLC's ("WLV") motion to dismiss for failure to state a claim. (ECF No. 8). Defendant Wynn Resorts Limited ("WRL") joined in the motion. (ECF No. 11). Plaintiffs Judy Doe Nos. 1-9 (collectively, "plaintiffs") filed a response (ECF No. 30), to which both WLV and WRL (collectively, the "Wynn defendants") replied (ECF Nos. 40, 43).

Also before the court is WLV's motion for a more definite statement. (ECF No. 9). WRL joined in this motion. (ECF No. 12). Plaintiffs filed a response (ECF No. 30), to which the Wynn defendants replied (ECF Nos. 41, 44).

Also before the court is WRL's motion to dismiss for failure to state a claim. (ECF No. 10). Plaintiffs filed a response (ECF No. 29), to which WRL replied (ECF No. 42).

Also before the court is plaintiffs' motion for leave to file supplemental evidence in support of their response to WRL's motion to dismiss for failure to state a claim. (ECF No. 29). WRL filed a response (ECF No. 66). Plaintiffs did not respond, and the time to do so has passed.

Also before the court is WRL's motion to strike. (ECF No. 67). Plaintiffs filed a response (ECF No. 73), to which the Wynn defendants replied (ECF No. 78).

**James C. Mahan**
**U.S. District Judge**

Also before the court is WRL's motion for sanctions. (ECF No. 68). Plaintiffs filed a response (ECF No. 74), to which the Wynn defendants replied (ECF No. 79).

Also before the court is Magistrate Judge Ferenbach's order denying plaintiffs' motion for leave to proceed under fictitious names. (ECF No. 52). Plaintiffs filed an objection to the order. (ECF No. 69). The Wynn defendants filed a response (ECF No. 75). Plaintiffs did not respond, and the time to do so has passed.

**I.     Background**

The present case arises from non-party Steve Wynn's alleged misconduct. (*See* ECF No. 7-3). The nine plaintiffs are presently employed as either manicurists or make-up artists at the Wynn defendants' salon. *Id.* at 15. Plaintiffs allege that during the course of their employment, "each suffered similar but individualized acts of sexual harassment and personal degradation by Steve Wynn . . . at different times, with different durations[,] and under different (and unique) circumstances. . . ." *Id.* at 17. They also "saw, surmised, heard about and suspected" misconduct by Steve Wynn. *Id.* at 16.

Plaintiffs contend that the Wynn defendants failed to take reasonable steps to prevent the hostile work environment caused by Steve Wynn's sexual harassment of female employees. *Id.* at 20. They allege that the Wynn defendants knew of Steve Wynn's propensity of misconduct towards female employees, failed to investigate, and covered-up any reported misconduct. *Id.*

In January 2018, the Wall Street Journal published an article that included allegations of sexual harassment by Steve Wynn. *Id.* at 5. Following the publication, the Massachusetts Gaming Commission ("MGC") initiated an investigation into Wynn Resorts and released a report on April 2, 2019. *Id.* at 13. The MGC found that Wynn Resorts, including certain executives, failed to appropriately respond to allegations against Steve Wynn. *Id.* at 14.

Plaintiffs assert that the Wynn defendants discouraged them from expressing concerns about discrimination. *Id.* at 24. Specifically, they were discouraged during meetings, memorandums, and events convened by the Wynn defendants, in which the Wynn defendants showed support for Steve Wynn after the release of the Wall Street Journal article. *Id.* These events included a February 1, 2018, birthday celebration, where some plaintiffs were told that

they needed to go on camera to say "that Steve Wynn had not assaulted or abused them, and to make complimentary statements about [him]." *Id.* at 9.

Plaintiffs filed formal charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") in March 2018, and received right to sue notices on July 5, 2019. *Id.* at 6.

## II.     Legal Standard

   *a. Reconsidering a magistrate judge's order*

A district judge may affirm, reverse, or modify, in whole or in part, a magistrate judge's order, as well as remand with instructions.  LR IB 3-1(b).

Magistrate judges are authorized to resolve pretrial matters subject to the district judge's review under a "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown the magistrate judge's order is clearly erroneous or contrary to law.").  The "clearly erroneous" standard applies to a magistrate judge's factual findings, whereas the "contrary to law" standard applies to a magistrate judge's legal conclusions.  *See, e.g.*, *Grimes v. Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991).

A magistrate judge's finding is "clearly erroneous" if the district judge has a "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).  "[R]eview under the 'clearly erroneous' standard is significantly deferential." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993).  "To be clearly erroneous, a decision must . . . strike [the court] as wrong with the force of a five-week old, unrefrigerated dead fish." *Ocean Garden, Inc. v. Marktrade Co.*, 953 F.2d 500, 502 (9th Cir. 1991) (quoting *Parts and Elec. Motors, Inc. v. Sterling Elec., Inc.,* 866 F.2d 228, 233 (7th Cir. 1988)).

"An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Desage*, 2017 WL 77415, at *3, --- F. Supp. 3d ----, ---- (D. Nev. Jan. 9, 2017) (quotation omitted); *see also Grimes*, 951 F.2d at 241 (finding that

1  under the contrary to law standard, the district judge reviews the magistrate judge's legal
2  conclusions *de novo*).

3      *b.  Motion to dismiss for failure to state a claim*

4      The court may dismiss a plaintiff's complaint for "failure to state a claim upon which
5  relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a]
6  short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ.
7  P. 8(a)(2).  Although rule 8 does not require detailed factual allegations, it does require more
8  than labels and conclusions.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
9  Furthermore, a formulaic recitation of the elements of a cause of action will not suffice.  *Ashcroft*
10 *v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted).  Rule 8 does not unlock the doors of
11 discovery for a plaintiff armed with nothing more than conclusions.  *Id.* at 678–79.

12     To survive a motion to dismiss, a complaint must contain sufficient factual matter to
13 "state a claim to relief that is plausible on its face."  *Id.*  A claim has facial plausibility when the
14 plaintiff pleads factual content that allows the court to draw the reasonable inference that the
15 defendant is liable for the misconduct alleged.  *Id.*  When a complaint pleads facts that are
16 merely consistent with a defendant's liability, and shows only a mere possibility of entitlement,
17 the complaint does not meet the requirements to show plausibility of entitlement to relief.  *Id.*

18     In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply
19 when considering a motion to dismiss.  *Id.*  First, the court must accept as true all of the
20 allegations contained in a complaint.  However, this requirement is inapplicable to legal
21 conclusions.  *Id.*  Second, only a complaint that states a plausible claim for relief survives a
22 motion to dismiss.  *Id.* at 678.  Where the complaint does not permit the court to infer more than
23 the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader
24 is entitled to relief."  *Id.* at 679.  When the allegations in a complaint have not crossed the line
25 from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

26     The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d
27 1202, 1216 (9th Cir. 2011).  The *Starr* court held:

28 > First, to be entitled to the presumption of truth, allegations in a
> complaint or counterclaim may not simply recite the elements of a

**James C. Mahan**
**U.S. District Judge**

- 4 -

> cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

 c. *Sanctions*

Lawyers may be sanctioned for improper conduct pursuant to three primary sources of authority: (1) Federal Rule of Civil Procedure 11; (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings; and (3) the court's inherent power. *Fink v. Gomez,* 239 F.3d 989, 991 (9th Cir. 2001).

Federal Rule of Civil Procedure 11 "provides for the imposition of sanctions when a motion is frivolous, legally unreasonable, or brought for an improper purpose." *Smith & Green Corp. v. Trs. of Constr. Indus. & Laborers Health & Welfare Trust*, 244 F. Supp. 2d 1098, 1102 (D. Nev. 2003); *See* Fed. R. Civ. P. 11(b); *Conn v. Borjorquez*, 967 F.2d 1418, 1420 (9th Cir. 1992). Courts have inherent power to impose sanctions for bad faith conduct by litigants. *Chambers v. Nasco, Inc.,* 501 U.S. 32, 35 (1991) (affirming district court's order imposing sanctions for bad faith conduct). "A court considering a motion pursuant to Rule 11 must do two things: (1) decide whether a Rule 11 violation has occurred, and (2) decide whether to impose sanctions." *Id.*

### III. Discussion

Plaintiffs bring five claims: (1) sexual harassment under federal and state law, (2) retaliation under federal and state law, (3) negligent hiring, training, supervision, and retention, (4) intentional infliction of emotional distress ("IIED"), and (5) invasion of privacy.

 a. *Objection to denial of leave to proceed under fictious names*

The court first reviews plaintiffs' objection to Magistrate Judge Ferenbach's order denying leave to proceed under fictitious names. (ECF No. 69). The court will not disturb Judge Ferenbach's decision unless it is "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a).

**James C. Mahan**
**U.S. District Judge**

- 5 -

"Plaintiffs' use of fictitious names runs afoul of the public's common law right of access to judicial proceedings." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978)). Further, Rule 10(a) commands that the title of every complaint "include the names of all the parties." Fed. R. Civ. P. 10(a). The Ninth Circuit allows "parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Advanced Textile*, 214 F.3d at 1067–68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1981)). Courts must balance the need for anonymity against the presumption that parties' identities are public information and the risk of unfairness to the opposing party. *Id.*

The Ninth Circuit has permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm, (2) when anonymity is necessary to privacy in a matter of sensitive and highly personal nature, and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct thereby risking criminal prosecution. *Id.* at 1068. If the plaintiff's motion to proceed anonymously is based on fear of retaliation, the court evaluates the following factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation (4) the prejudice to the opposing party and (5) the public interest. *Doe v. Kamehameha School Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010).

In their initial motion, plaintiffs argued that the court should allow them to proceed under fictitious names for three reasons: (1) their fear of retaliatory defamation suits by Steve Wynn, (2) being ostracized and retaliated against in their workplace, and (3) the sensitive details of sexual harassment that would upend their lives if released to the public. (*See* ECF No. 20.) Judge Ferenbach relied on *Doe v. JBC RAK LLC* to assess the motion, which correctly articulates the aforementioned tests provided by the Ninth Circuit to address motions to proceed under fictitious names. (*See* ECF No. 64 at 10 (citing *Doe v. JBF RAK LLC*, No. 2:14-CV-00979-RFBGWF, 2014 WL 5286512, at *1 (D. Nev. Oct. 15, 2014))). Judge Ferenbach found that the

plaintiffs had not "made a sufficient[,] even good cause showing" to persuade the court that plaintiffs' privacy interests outweighed the public's right of access to the judicial proceedings, and ultimately denied plaintiffs' initial motion. (ECF No. 64 at 33).

The court finds that plaintiffs' objection—though it contains more thorough analysis—is an expansion of the arguments summarily raised in their initial motion. Plaintiffs do not contend that Judge Ferenbach's order was contrary to law or clearly erroneous. Rather, they dispute the merits of his order. Moreover, the objection re-litigates many of the issues previously addressed by Judge Ferenbach. At the hearing, Judge Ferenbach disagreed that plaintiffs were analogous to sexual assault victims, stating that this is a "completely different situation . . . and the law is clear . . . that those victims can stay anonymous." (ECF No. 64 at 12). Additionally, Judge Ferenbach was not convinced of the reasonableness of retaliation by Steve Wynn, specifically noting that he was unpersuaded by the prospect of lawsuits initiated by Steve Wynn. (ECF No. 64 at 27).

Judge Ferenbach correctly identified and applied the law in adjudicating this motion. Further, there is nothing within his analysis that demonstrates his decision was clearly erroneous. Rather, Judge Ferenbach concluded that the plaintiffs did not make a good cause showing sufficient to outweigh the public's interest in their right to judicial proceedings. Thus, because the court find that Judge Ferenbach's order was neither clearly erroneous nor contrary to law, plaintiffs' objection is denied.

b. *Documents referenced outside of the complaint*

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6)." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615 (2019) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The incorporation-by-reference doctrine permits district courts to consider documents referenced within the complaint that do not have disputed authenticity. *Id.* "Even if a

James C. Mahan
U.S. District Judge

- 7 -

document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.*

Plaintiffs reference the EEOC charges and against the Wynn defendants throughout their complaint. (*See* ECF No. 7-3). Plaintiffs contend that the court should consider the full text of the EEOC charges. (ECF No. 30 at 12). The Wynn defendants argue that the court cannot consider the EEOC charges because they have not been submitted to the court. (ECF No. 40 at 6).

The court can take into consideration the existence of the EEOC charges against the Wynn defendants. However, it cannot take into consideration any facts contained therein because it does not have access to the document. Therefore, the court cannot consider the factual information contained in the EEOC charges against the Wynn defendants when assessing the sufficiency of plaintiffs' complaint, regardless of whether the Wynn defendants are "aware of the massive weight of corroborative evidence proving them liable for [the claims] as asserted in the EEOC process and in this lawsuit." (ECF No. 7-3 at 18).

    c.  *Sexual harassment claim*

The Wynn defendants argue that dismissal of plaintiffs' sexual harassment claim is warranted because plaintiffs use impermissible collective pleading in their complaint. (ECF No. 8 at 10). Specifically, they contend that plaintiffs have failed to plead individual facts, which is required to state a sexual harassment claim. *Id.* The Wynn defendants cite *Bautista v. L.A. Cnty.*, in which the Ninth Circuit held that individual facts must be pleaded in cases "where multiple claims are asserted, where they arise out of separate transactions or occurrences, and where separate statements will facilitate a clear presentation." *Bautista v. L.A. Cnty.*, 216 F.3d 837 (9th Circ. 2000).

In *Bautista*, fifty-one plaintiffs filed an employment discrimination suit. *See id.* The complaint alleged that all plaintiffs collectively "performed their jobs satisfactorily and were each qualified for positions with [defendant], that they applied for such positions and that they were denied employment based on their race, age and disability." *Id.* at 840. The court found

1 that the claims "were hybrids that qualify neither as class action allegations nor as statements of
2 individual claims" and affirmed the district court's decision to dismiss the case on these grounds.

3 Plaintiffs contend that they used permissible collective pleading in their complaint, as,
4 unlike *Bautista*, there is no "separate transaction or occurrence" issue to analyze since plaintiffs
5 "are members of the same protected class of persons" and were "exposed to much of the same
6 corporate retaliatory and hostile work environment." (ECF No. 30 at 13–14.)

7 In their complaint, plaintiffs contend that they "were subjected to offensive verbal or
8 physical conduct based on their gender, female." (ECF No. 7-3 at 21). They further allege that
9 they suffered "individualized acts of sexual harassment and personal degradation by Steve Wynn
10 over a period of time, but at different times, with different durations and under different (and
11 unique) circumstances and consequences for each female plaintiff." *Id.* at 17.

12 Plaintiffs argue that their sexual harassment claims arise out of the same transaction or
13 occurrence, yet they also allege that they suffered "individualized acts of sexual harassment." *Id.*
14 Though plaintiffs all allege sexual harassment by Steve Wynn, the individualized acts of sexual
15 harassment, like *Bautista*, are separate transactions or occurrences that must be appropriately
16 pled in order to comply with rule 8. Therefore, plaintiffs' use of collective pleading in their
17 sexual harassment claim is not sufficient, and accordingly, it is dismissed.

18     d. *Retaliation, negligent hiring, IIED, and invasion of privacy claims*

19 Plaintiffs seek to avoid the release of their identities. Although plaintiffs wish to preserve
20 their anonymity, this causes several deficiencies in their claims against the Wynn defendants.
21 Throughout their complaint, plaintiffs use generalized and vague statements without
22 individualized factual support for their allegations. (*See generally* ECF No. 7-3). The court
23 finds that these claims are not sufficiently pleaded.

24 For instance, plaintiffs' retaliation claim alleges that they "engaged in protected conduct
25 when they accessed the EEOC process" in March 2018. *Id.* at 24. They posit that the
26 "cumulative effect of [the Wynn defendants'] actions [through meetings, memorandums, and
27 events designed to stifle workplace concerns] constitute[] illegal retaliation . . . ." *Id.* at 26.
28 Although plaintiffs assert that they engaged in a protected activity and suffered adverse

**James C. Mahan**
**U.S. District Judge**

1 employment actions, they fail to establish that a causal link exists between the two.  They
2 summarily assert that after they engaged in the EEOC process, "some plaintiffs . . . were then
3 questioned by Wynn Resorts HR personnel about their filings . . . ."  *Id.* at 25.  This is not
4 enough to establish a prima facie case of retaliation; plaintiffs must cogently allege a casual
5 connection between plaintiffs' protected activity and the adverse employment actions taken
6 against them.

7 Additionally, plaintiffs allege that the Wynn defendants breached their duty of care to
8 plaintiffs by hiring "incompetent, unqualified, [and] poorly trained" executives and human
9 resources personnel who failed to investigate sexual harassment claims against Steve Wynn.  *Id.*
10 at 26–27.  They contend that "as a direct and proximate result of [the Wynn defendants']
11 . . . negligent actions, [plaintiffs] have sustained injuries, including mental anguish . . . ."  *Id.* at
12 29.  Plaintiffs merely recite the elements of negligent hiring because the complaint is devoid of
13 allegations to support this claim, such as who the referenced personnel were, how they breached
14 their duty to plaintiffs, or when this occurred.

15 A similar deficiency is found in plaintiffs' IIED claim.  Although plaintiffs include
16 multiple instances of allegedly extreme and outrageous conduct in their complaint, (*id.* at 28–29),
17 they summarily state that the Wynn defendants "intended, or acted with reckless disregard" and
18 that plaintiffs suffered "severe or extreme emotional distress in a sum in excess of $15,000."  *Id.*
19 at 29.  These are recitations of two required elements of IIED, not sufficient allegations of
20 underlying facts.  Additionally, without the requisite specificity, plaintiffs do not establish
21 objectively verifiable indicia of the severity of their emotional distress.

22 Lastly, plaintiffs claim an invasion of privacy against the Wynn defendants.  However,
23 they fail to allege any specific interaction in which all plaintiffs were impacted.  They allege that
24 the Wynn defendants gave Steve Wynn access to private information about "employees" (*id.* at
25 31), but fail to establish whether this applies specifically to plaintiffs.  The same deficiency is
26 found in the invasion of privacy alleged during the February 1, 2018, filming incident, which
27 they allege applies to "some employees" (*id.* at 32), but fail to specify whether this applies to all
28 plaintiffs.

**James C. Mahan**
**U.S. District Judge**

- 10 -

Accordingly, plaintiffs' retaliation, negligent hiring, IIED, and invasion of privacy claims are dismissed. However, the court finds that the deficiencies in plaintiffs' complaint may be cured, and the complaint is dismissed without prejudice.[1]

e. *Sanctions*

The Wynn defendants argue that plaintiffs should be sanctioned for violating the confidentiality of the early neutral evaluation (ENE) process. (ECF No. 68 at 14). Although discovery was stayed by the court, the Wynn defendants nonetheless produced documents to plaintiffs for the limited purpose of facilitating settlement discussions at the ENEs. *Id.* They allege that plaintiffs, in bad faith, then submitted those documents to the court to support their opposition of the Wynn defendants' motion to dismiss, violating the confidentiality of the ENEs referenced in LR16-6(h). *Id.*

The documents in question were available to plaintiffs as employees of the Wynn defendants through their employer intranet, and thus, the ENE process was not the only method plaintiffs could have used to obtain them. (ECF No. 74 at 12). Although plaintiffs submitted the documents after the Wynn defendants produced them for the limited purpose of facilitating the ENEs, the court does not find that plaintiffs acted in bad faith. Therefore, the Wynn defendants' motion for sanctions is denied.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Wynn defendants' motion to dismiss (ECF No. 8) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiffs' complaint be, and the same hereby is, DISMISSED without prejudice.

IT IS FURTHER ORDERED that the Wynn defendants' motion for a more definite statement (ECF No. 9) be, and the same hereby is, DENIED as moot.

---

[1] Under Title VII, plaintiffs are required to exhaust their administrative remedies by filing a timely charge with the EEOC or the appropriate state agency, thus allowing the agency an opportunity to investigate the charge. 42 U.S.C. § 20003-5(b). Plaintiffs failed to attach their right to sue letter from the EEOC to the complaint because of their desire to remain anonymous. (ECF No. 30 at 21). The court admonishes that if and when plaintiffs amend their complaint, they attach their right to sue letter.

**James C. Mahan**
**U.S. District Judge**

- 11 -

1  IT IS FURTHER ORDERED that WRL's motion to dismiss motion (ECF No. 10) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiffs' motion for leave to file supplemental evidence (ECF No. 29) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that the WRL's motion to strike (ECF No. 67) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that WRL's motion for sanctions (ECF No. 68) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiffs' objection to Magistrate Judge Ferenbach's order denying plaintiffs' motion for leave to proceed under fictitious names (ECF No. 69) be, and the same hereby is, DENIED.

DATED July 15, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**