# SEALED

Office of the United States Attorney
District of Nevada
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336

1

1  CHRISTOPHER CHIOU
   Acting United States Attorney
2  District of Nevada
   Nevada Bar No. 14853
3  JESSICA OLIVA
   Assistant United States Attorney
4  District of Nevada
   United States Attorney's Office
5  501 Las Vegas Boulevard South, Suite 1100
   Las Vegas, Nevada 89101
6  (702) 388-6268 / Fax: (702) 388-6787
   jessica.oliva@usdoj.gov
7
   *Attorneys for the United States*
8

9              **UNITED STATES DISTRICT COURT**
               **DISTRICT OF NEVADA**
10

11 IN THE MATTER OF THE              Case No. 2:20-mj-0014-DJA
   APPLICATION OF THE UNITED
12 STATES OF AMERICA FOR AN
   ORDER PURSUANT TO 18 U.S.C. §     **(Under Seal)**
13 2703(d)

14

15         **APPLICATION FOR ORDER COMMANDING PROVIDER**
       **NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF COURT ORDER**
16

17         The Government requests that the Court order Microsoft Corporation (the Provider)

18 to not notify any person (including the subscribers of the accounts listed in the order) of the

19 existence of the attached order until 180 days from the date of this order, or until further

20 ordered by this Court, whichever occurs first.

21         The Provider is a provider of an electronic communication service, as defined in 18

22 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).

23 Pursuant to 18 U.S.C. § 2703(d), the Government obtained the attached order on January 10,

24 2020, which required the Providers to disclose certain records and information to the

                                        2

Government regarding the subscribers of their service. (*See* Attachment A.) In the same order, pursuant to 18 U.S.C. § 2705(b), this Court also directed the Provider not to notify any person of the existence of the court order for a period of 120 days. (*Id.*) On May 4, 2020, the Court ordered an extension of the non-disclosure order for another 120 days. (*Id.*) On August 20, 2020, the Court ordered a further extension of the non-disclosure order for 180 days. (*Id.*). On February 11, 2021, the Court ordered a further extension of the non-disclosure order for 180 days. (*Id.*). On August 2, 2021, the Court ordered a further extension of the non-disclosure order for 180 days. (*Id.*). That order is set to expire on January 29, 2022.

This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order."

## FACTUAL BACKGROUND

The attached order was issued to obtain records relevant to an ongoing criminal investigation of possible violations of 18 U.S.C. §§ 1347 (Health Care Fraud). The targets of the investigation have billed the Department of Veterans Affairs for several million dollars' worth of supplies that, based on the investigation, it is believed were not provided to the beneficiary. The records obtained have helped the government identify targets of the investigation and identify additional sources of records relevant to the investigation.

## ANALYSIS

A nondisclosure order is appropriate here because the attached order relates to an ongoing criminal investigation that is neither public nor known to the target of the investigation, and its disclosure would very likely alert the target or unknown coconspirators to the ongoing investigation of the target's continuing criminal activity. Subsequent to

obtaining the records sought through the attached order, the government also obtained a search warrant for the subject account on March 2, 2020. (*See* 2:20-mj-00151-EJY). Along with the search warrant, the Court signed an order precluding the Provider from providing notice to the subscriber of the account for a period of 180 days. The Government is also seeking a renewal of the non-disclosure order in that matter for a period of 180 days. The targets remain unaware of the investigation. Renewal of the attached order for a period of 180 days is appropriate here in order not to disclose the ongoing investigation to the target of the investigation.

Some of the evidence in this investigation is stored electronically. Although the evidence sought from the Provider here may not be susceptible to destruction directly by the target, other evidence that will most likely come to light during the course of the investigation, such as evidence stored electronically in the target's email accounts, social media accounts, home and work computers, and in other locations, may be destroyed by the targets if they were to learn via notification of this order that they are targets of an ongoing federal criminal investigation. If alerted to the investigation, the targets under investigation and any unknown coconspirators could destroy that evidence and seriously jeopardize the efficacy of the investigation. Based on the facts above, there is reason to believe that notification of the existence of the attached order would seriously jeopardize the investigation, including by giving targets an opportunity to flee, destroy or tamper with evidence, or notify confederates. See 18 U.S.C. § 2705(b)(2), (3), (5).

## CONCLUSION

For the reasons above, the Government respectfully requests that the Court grant the attached order directing the Provider not to disclose the existence or content of the attached order for an additional 180 days, or until further order of the Court, except that the Provider

4

may disclose the attached subpoenas to an attorney for the Provider for the purpose of receiving legal advice.

The Government further requests that the Court order that this Application and any resulting orders be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the target of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

DATED this 26th day of January, 2022.

Respectfully submitted,
CHRISTOPHER CHOIU
Acting United States Attorney


/s/ Jessica Oliva
JESSICA OLIVA
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

IN THE MATTER OF THE
APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER
PURSUANT TO 18 U.S.C. § 2703(d)

Case No. 2:20-mj-0014-DJA

**ORDER**

**(Under Seal)**

The United States has submitted an application pursuant to 18 U.S.C. § 2705(b), requesting that the Court issue an Order commanding Microsoft Corporation (the Provider), an electronic communication service provider and/or a remote computing service, not to notify any person (including the subscribers and customers of the account listed in the Order) of the existence of the attached Order for a period of 180 days. Previously, on January 10, 2020, pursuant to 18 U.S.C. § 2705(b), in the attached order the Court directed the Provider not to notify any person of the existence of the Order for a period of 120 days. The Court's Order was renewed on or about May 4, 2020, for an additional 120 days, on August 20, 2020 for an additional 180 days, on February 11, 2021 for an additional 180 days, and on August 2, 2021 for an additional 180 days.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. See 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS ORDERED under 18 U.S.C. § 2705(b) that Microsoft Corporation shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscriber(s) of the account listed in Attachment A to the order or to any other person for an additional 180 days from the date of this Order, unless and until

6

otherwise authorized to do so by the Court, except that Microsoft Corporation may disclose this Order to its attorney for the purpose of receiving legal advice.

      IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

      This _27th_ day of January, 2022.

_____
HONORABLE DANIEL J. ALBREGTS
United States Magistrate Judge

# Attachment A



SEALED

**Office of the United States Attorney**
**District of Nevada**
**501 Las Vegas Blvd. South, Suite 1100**
**Las Vegas, Nevada 89101**
**(702) 388-6336**

1

1   CHRISTOPHER CHIOU
    Acting United States Attorney
2   District of Nevada
    Nevada Bar No. 14853
3   JESSICA OLIVA
    Assistant United States Attorney
4   District of Nevada
    United States Attorney's Office
5   501 Las Vegas Boulevard South, Suite 1100
    Las Vegas, Nevada 89101
6   (702) 388-6268 / Fax: (702) 388-6787
    jessica.oliva@usdoj.gov
7
    *Attorneys for the United States*
8

9              **UNITED STATES DISTRICT COURT**
                  **DISTRICT OF NEVADA**
10

11  IN THE MATTER OF THE              Case No. 2:20-mj-0014-DJA
    APPLICATION OF THE UNITED
12  STATES OF AMERICA FOR AN
    ORDER PURSUANT TO 18 U.S.C. §        **(Under Seal)**
13  2703(d)

14  _____

15          **APPLICATION FOR ORDER COMMANDING PROVIDER**
         **NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF COURT ORDER**
16

17          The Government requests that the Court order Microsoft Corporation (the Provider)

18  to not notify any person (including the subscribers of the accounts listed in the order) of the

19  existence of the attached order until 180 days from the date of this order, or until further

20  ordered by this Court, whichever occurs first.

21          The Provider is a provider of an electronic communication service, as defined in 18

22  U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).

23  Pursuant to 18 U.S.C. § 2703(d), the Government obtained the attached order on January 10,

24  2020, which required the Providers to disclose certain records and information to the

                                   2

Government regarding the subscribers of their service. (*See* Attachment A.) In the same order, pursuant to 18 U.S.C. § 2705(b), this Court also directed the Provider not to notify any person of the existence of the court order for a period of 120 days. (*Id.*) On May 4, 2020, the Court ordered an extension of the non-disclosure order for another 120 days. (*Id.*) On August 20, 2020, the Court ordered a further extension of the non-disclosure order for 180 days. (*Id.*). On February 11, 2021, the Court ordered a further extension of the non-disclosure order for 180 days. (*Id.*). That order is set to expire on August 10, 2021.

This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order."

## FACTUAL BACKGROUND

The attached order was issued to obtain records relevant to an ongoing criminal investigation of possible violations of 18 U.S.C. §§ 1347 (Health Care Fraud). The targets of the investigation have billed the Department of Veterans Affairs for several million dollars' worth of supplies that, based on the investigation, it is believed were not provided to the beneficiary. The records obtained have helped the government identify targets of the investigation and identify additional sources of records relevant to the investigation.

## ANALYSIS

A nondisclosure order is appropriate here because the attached order relates to an ongoing criminal investigation that is neither public nor known to the target of the investigation, and its disclosure would very likely alert the target or unknown coconspirators to the ongoing investigation of the target's continuing criminal activity. Subsequent to obtaining the records sought through the attached order, the government also obtained a

search warrant for the subject account on March 2, 2020. (*See* 2:20-mj-00151-EJY). Along with the search warrant, the Court signed an order precluding the Provider from providing notice to the subscriber of the account for a period of 180 days. The Government is also seeking a renewal of the non-disclosure order in that matter for a period of 180 days. The targets remain unaware of the investigation. Renewal of the attached order for a period of 180 days is appropriate here in order not to disclose the ongoing investigation to the target of the investigation.

Some of the evidence in this investigation is stored electronically. Although the evidence sought from the Provider here may not be susceptible to destruction directly by the target, other evidence that will most likely come to light during the course of the investigation, such as evidence stored electronically in the target's email accounts, social media accounts, home and work computers, and in other locations, may be destroyed by the targets if they were to learn via notification of this order that they are targets of an ongoing federal criminal investigation. If alerted to the investigation, the targets under investigation and any unknown coconspirators could destroy that evidence and seriously jeopardize the efficacy of the investigation. Based on the facts above, there is reason to believe that notification of the existence of the attached order would seriously jeopardize the investigation, including by giving targets an opportunity to flee, destroy or tamper with evidence, or notify confederates. See 18 U.S.C. § 2705(b)(2), (3), (5).

## **CONCLUSION**

For the reasons above, the Government respectfully requests that the Court grant the attached order directing the Provider not to disclose the existence or content of the attached order for an additional 180 days, or until further order of the Court, except that the Provider

1   may disclose the attached subpoenas to an attorney for the Provider for the purpose of

2   receiving legal advice.

3         The Government further requests that the Court order that this Application and any

4   resulting orders be sealed until further order of the Court. As explained above, these

5   documents discuss an ongoing criminal investigation that is neither public nor known to all

6   of the target of the investigation. Accordingly, there is good cause to seal these documents

7   because their premature disclosure may seriously jeopardize that investigation.

8         DATED this 2nd day of August, 2021.

9       Respectfully submitted,
    CHRISTOPHER CHOIU
10      Acting United States Attorney

11

12      JESSICA OLIVA
    Assistant United States Attorney

13

14

15

16

17

18

19

20

21

22

23

24

1

2

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

3

4

5

6

IN THE MATTER OF THE
APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER
PURSUANT TO 18 U.S.C. § 2703(d)

Case No. 2:20-mj-0014-DJA

**ORDER**

**(Under Seal)**

7

8

9

10

11

12

13

14

15

16

    The United States has submitted an application pursuant to 18 U.S.C. § 2705(b),

requesting that the Court issue an Order commanding Microsoft Corporation (the Provider),

an electronic communication service provider and/or a remote computing service, not to

notify any person (including the subscribers and customers of the account listed in the

Order) of the existence of the attached Order for a period of 180 days. Previously, on

January 10, 2020, pursuant to 18 U.S.C. § 2705(b), in the attached order the Court directed

the Provider not to notify any person of the existence of the Order for a period of 120 days.

The Court's Order was renewed on or about May 4, 2020, for an additional 120 days, on

August 20, 2020 for an additional 180 days, and on February 11, 2021 for an additional 180

days.

17

18

19

20

    The Court determines that there is reason to believe that notification of the existence

of this Order will seriously jeopardize the ongoing investigation, including by giving targets

an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence,

change patterns of behavior, or notify confederates. See 18 U.S.C. § 2705(b)(2), (3), (5).

21

22

23

24

    IT IS ORDERED under 18 U.S.C. § 2705(b) that Microsoft Corporation shall not

disclose the existence of the application of the United States, or the existence of this Order

of the Court, to the subscriber(s) of the account listed in Attachment A to the order or to any

other person for an additional 180 days from the date of this Order, unless and until

otherwise authorized to do so by the Court, except that Microsoft Corporation may disclose this Order to its attorney for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

This ___3rd___ day of August, 2021.

_____
HONORABLE DANIEL J. ALBREGTS
United States Magistrate Judge

7

# Attachment A



# SEALED

**Office of the United States Attorney**
**District of Nevada**
**501 Las Vegas Blvd. South, Suite 1100**
**Las Vegas, Nevada 89101**
**(702) 388-6336**

1

1  NICHOLAS A. TRUTANICH
   United States Attorney
2  District of Nevada
   Nevada Bar No. 13644
3  JESSICA OLIVA
   Assistant United States Attorney
4  District of Nevada
   United States Attorney's Office
5  501 Las Vegas Boulevard South, Suite 1100
   Las Vegas, Nevada 89101
6  (702) 388-6268 / Fax: (702) 388-6787
   jessica.oliva@usdoj.gov
7
   *Attorneys for the United States*
8

9            **UNITED STATES DISTRICT COURT**
                  **DISTRICT OF NEVADA**
10

11 IN THE MATTER OF THE              Case No. 2:20-mj-0014-DJA
   APPLICATION OF THE UNITED
12 STATES OF AMERICA FOR AN
   ORDER PURSUANT TO 18 U.S.C. §           **(Under Seal)**
13 2703(d)

14

15

16         **APPLICATION FOR ORDER COMMANDING PROVIDER**
        **NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF COURT ORDER**
17

18        The Government requests that the Court order Microsoft Corporation (the Provider)

19 to not notify any person (including the subscribers of the accounts listed in the order) of the

20 existence of the attached order until 180 days from the date of this order, or until further

21 ordered by this Court, whichever occurs first.

22        The Provider is a provider of an electronic communication service, as defined in 18

23 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).

24 Pursuant to 18 U.S.C. § 2703(d), the Government obtained the attached order on January 10,

                                    2

2020, which required the Providers to disclose certain records and information to the Government regarding the subscribers of their service. (*See* Attachment A.) In the same order, pursuant to 18 U.S.C. § 2705(b), this Court also directed the Provider not to notify any person of the existence of the court order for a period of 120 days. (*Id.*) On May 4, 2020, the Court ordered an extension of the non-disclosure order for another 120 days. (*Id.*) On August 20, 2020, the Court ordered a further extension of the non-disclosure order for 180 days. (*Id.*). That order is set to expire on February 16, 2021.

This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order."

## FACTUAL BACKGROUND

The attached order was issued to obtain records relevant to an ongoing criminal investigation of possible violations of 18 U.S.C. §§ 1347 (Health Care Fraud). The targets of the investigation have billed the Department of Veterans Affairs for several million dollars' worth of supplies that, based on the investigation, it is believed were not provided to the beneficiary. The records obtained have helped the government identify targets of the investigation and identify additional sources of records relevant to the investigation.

## ANALYSIS

A nondisclosure order is appropriate here because the attached order relates to an ongoing criminal investigation that is neither public nor known to the target of the investigation, and its disclosure would very likely alert the target or unknown coconspirators to the ongoing investigation of the target's continuing criminal activity. Subsequent to obtaining the records sought through the attached order, the government also obtained a

3

search warrant for the subject account on March 2, 2020. (*See* 2:20-mj-00151-EJY). Along with the search warrant, the Court signed an order precluding the Provider from providing notice to the subscriber of the account for a period of 180 days. The Government is also seeking a renewal of the non-disclosure order in that matter for a period of 180 days. The targets remain unaware of the investigation. Renewal of the attached order for a period of 180 days is appropriate here in order not to disclose the ongoing investigation to the target of the investigation.

Some of the evidence in this investigation is stored electronically. Although the evidence sought from the Provider here may not be susceptible to destruction directly by the target, other evidence that will most likely come to light during the course of the investigation, such as evidence stored electronically in the target's email accounts, social media accounts, home and work computers, and in other locations, may be destroyed by the targets if they were to learn via notification of this order that they are targets of an ongoing federal criminal investigation. If alerted to the investigation, the targets under investigation and any unknown coconspirators could destroy that evidence and seriously jeopardize the efficacy of the investigation. Based on the facts above, there is reason to believe that notification of the existence of the attached order would seriously jeopardize the investigation, including by giving targets an opportunity to flee, destroy or tamper with evidence, or notify confederates. See 18 U.S.C. § 2705(b)(2), (3), (5).

## **CONCLUSION**

For the reasons above, the Government respectfully requests that the Court grant the attached order directing the Provider not to disclose the existence or content of the attached order for an additional 180 days, or until further order of the Court, except that the Provider

1  may disclose the attached subpoenas to an attorney for the Provider for the purpose of

2  receiving legal advice.

3      The Government further requests that the Court order that this Application and any

4  resulting orders be sealed until further order of the Court. As explained above, these

5  documents discuss an ongoing criminal investigation that is neither public nor known to all

6  of the target of the investigation. Accordingly, there is good cause to seal these documents

7  because their premature disclosure may seriously jeopardize that investigation.

8      DATED this 10th day of February, 2021.

9                            Respectfully submitted,
   NICHOLAS A. TRUTANICH
10                           United States Attorney

11

12                           JESSICA OLIVA
   Assistant United States Attorney

13

14

15

16

17

18

19

20

21

22

23

24

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

IN THE MATTER OF THE
APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER
PURSUANT TO 18 U.S.C. § 2703(d)

Case No. 2:20-mj-0014-DJA

**ORDER**

**(Under Seal)**

 

The United States has submitted an application pursuant to 18 U.S.C. § 2705(b), requesting that the Court issue an Order commanding Microsoft Corporation (the Provider), an electronic communication service provider and/or a remote computing service, not to notify any person (including the subscribers and customers of the account listed in the Order of the existence of the attached Order for a period of 180 days. Previously, on January 10, 2020, pursuant to 18 U.S.C. § 2705(b), in the attached order the Court directed the Provider not to notify any person of the existence of the Order for a period of 120 days. The Court's Order was renewed on or about May 4, 2020, for an additional 120 days, and on August 20, 2020 for an additional 180 days.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. See 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS ORDERED under 18 U.S.C. § 2705(b) that Microsoft Corporation shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscriber(s) of the account listed in Attachment A to the order or to any other person for an additional 180 days from the date of this Order, unless and until

6

1   otherwise authorized to do so by the Court, except that Microsoft Corporation may disclose

2   this Order to its attorney for the purpose of receiving legal advice.

3          IT IS FURTHER ORDERED that the application and this Order are sealed until

4   otherwise ordered by the Court.

5          This __11th__ day of February, 2021.



HONORABLE DANIEL J. ALBREGTS
United States Magistrate Judge

# Attachment A



1

2

3

4

5

6

7

8

9

10

11

## SEALED

12

13

14

15

16

17

18

19

20

21

22 **Office of the United States Attorney**
**District of Nevada**
23 **501 Las Vegas Blvd. South, Suite 1100**
**Las Vegas, Nevada 89101**
24 **(702) 388-6336**

1

1    NICHOLAS A. TRUTANICH
     United States Attorney
2    District of Nevada
     Nevada Bar No. 13644

3    JAMIE MICKELSON
     Assistant United States Attorney
4    District of Nevada
     United States Attorney's Office
5    501 Las Vegas Boulevard South, Suite 1100
     Las Vegas, Nevada 89101
6    (702) 388-6281 / Fax: (702) 388-6787
     jamie.mickelson@usdoj.gov

7
     *Attorneys for the United States*
8

9                   **UNITED STATES DISTRICT COURT**
                       **DISTRICT OF NEVADA**
10

11   IN THE MATTER OF THE                  Case No. 2:20-mj-0014-DJA
     APPLICATION OF THE UNITED
12   STATES OF AMERICA FOR AN
     ORDER PURSUANT TO 18 U.S.C. §         **(Under Seal)**
13   2703(d)

14

15

16              **APPLICATION FOR ORDER COMMANDING PROVIDER**
        **NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF COURT ORDER**
17

18          The Government requests that the Court order Microsoft Corporation (the Provider)

19   to not notify any person (including the subscribers of the accounts listed in the order) of the

20   existence of the attached order until 180 days from the date of this order, or until further

21   ordered by this Court, whichever occurs first.

22          The Provider is a provider of an electronic communication service, as defined in 18

23   U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).

24   Pursuant to 18 U.S.C. § 2703(d), the Government obtained the attached order on January 10,

FILED.

DATED: 4:57 pm, August 20, 2020

U.S. MAGISTRATE JUDGE

1   2020, which required the Providers to disclose certain records and information to the

2   Government regarding the subscribers of their service. (*See* Attachment A.) In the same order,

3   pursuant to 18 U.S.C. § 2705(b), this Court also directed the Provider not to notify any person

4   of the existence of the court order for a period of 120 days. (*Id.*) On May 4, 2020, the Court

5   ordered an extension of the non-disclosure order for another 120 days. (*Id.*)

6       This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a

7   provider of electronic communications service or remote computing service to whom a

8   warrant, subpoena, or court order is directed, for such period as the court deems appropriate,

9   not to notify any other person of the existence of the warrant, subpoena, or court order."

### FACTUAL BACKGROUND

11      The attached order was issued to obtain records relevant to an ongoing criminal

12  investigation of possible violations of 18 U.S.C. §§ 1347 (Health Care Fraud). The targets of

13  the investigation have billed the Department of Veterans Affairs for several million dollars'

14  worth of supplies that, based on the investigation, it is believed were not provided to the

15  beneficiary. The records obtained have helped the government identify targets of the

16  investigation and identify additional sources of records relevant to the investigation.

### ANALYSIS

18      A nondisclosure order is appropriate here because the attached order relates to an

19  ongoing criminal investigation that is neither public nor known to the target of the

20  investigation, and its disclosure would very likely alert the target or unknown coconspirators

21  to the ongoing investigation of the target's continuing criminal activity. Subsequent to

22  obtaining the records sought through the attached order, the government also obtained a

23  search warrant for the subject account on March 2, 2020. (*See* 2:20-mj-00151-EJY). Along

24  with the search warrant, the Court signed an order precluding the Provider from providing

3

notice to the subscriber of the account for a period of 180 days. The Government is also seeking a renewal of the non-disclosure order in that matter for a period of 180 days. The targets remain unaware of the investigation. Renewal of the attached order for a period of 180 days is appropriate here in order not to disclose the ongoing investigation to the target of the investigation.

Some of the evidence in this investigation is stored electronically. Although the evidence sought from the Provider here may not be susceptible to destruction directly by the target, other evidence that will most likely come to light during the course of the investigation, such as evidence stored electronically in the target's email accounts, social media accounts, home and work computers, and in other locations, may be destroyed by the targets if they were to learn via notification of this order that they are targets of an ongoing federal criminal investigation. If alerted to the investigation, the targets under investigation and any unknown coconspirators could destroy that evidence and seriously jeopardize the efficacy of the investigation. Based on the facts above, there is reason to believe that notification of the existence of the attached order would seriously jeopardize the investigation, including by giving targets an opportunity to flee, destroy or tamper with evidence, or notify confederates. See 18 U.S.C. § 2705(b)(2), (3), (5).

## CONCLUSION

For the reasons above, the Government respectfully requests that the Court grant the attached order directing the Provider not to disclose the existence or content of the attached order for an additional 180 days, or until further order of the Court, except that the Provider may disclose the attached subpoenas to an attorney for the Provider for the purpose of receiving legal advice.

The Government further requests that the Court order that this Application and any resulting orders be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the target of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

DATED this 20th day of August, 2020.

Respectfully submitted,
NICHOLAS A. TRUTANICH
United States Attorney


JAMIE MICKELSON
Assistant United States Attorney

FILED.

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

DATED: 4:57 pm, August 20, 2020

U.S. MAGISTRATE JUDGE

IN THE MATTER OF THE
APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER
PURSUANT TO 18 U.S.C. § 2703(d)

Case No. 2:20-mj-0014-DJA

**ORDER**

**(Under Seal)**

The United States has submitted an application pursuant to 18 U.S.C. § 2705(b),

requesting that the Court issue an Order commanding Microsoft Corporation (the Provider),

an electronic communication service provider and/or a remote computing service, not to

notify any person (including the subscribers and customers of the account listed in the Order

of the existence of the attached Order for a period of 180 days. Previously, on January 10,

2020, pursuant to 18 U.S.C. § 2705(b), in the attached order the Court directed the Provider

not to notify any person of the existence of the Order for a period of 120 days. The Court's

Order was renewed on or about May 4, 2020, for an additional 120 days.

The Court determines that there is reason to believe that notification of the existence

of this Order will seriously jeopardize the ongoing investigation, including by giving targets

an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence,

change patterns of behavior, or notify confederates. See 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS ORDERED under 18 U.S.C. § 2705(b) that Microsoft Corporation shall not

disclose the existence of the application of the United States, or the existence of this Order

of the Court, to the subscriber(s) of the account listed in Attachment A to the order or to any

other person for an additional 180 days from the date of this Order, unless and until

1 | otherwise authorized to do so by the Court, except that Microsoft Corporation may disclose

2 | this Order to its attorney for the purpose of receiving legal advice.

3 |      IT IS FURTHER ORDERED that the application and this Order are sealed until

4 | otherwise ordered by the Court.

5 |      This __20th__ day of August, 2020.

6

7 | HONORABLE DANIEL J. ALBREGTS
    United States Magistrate Judge



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

<div style="border: 3px solid black; padding: 20px; text-align: center;">

# SEALED

</div>

**Office of the United States Attorney**
**District of Nevada**
**501 Las Vegas Blvd. South, Suite 1100**
**Las Vegas, Nevada 89101**
**(702) 388-6336**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar No. 13644
JAMIE MICKELSON
Assistant United States Attorney
District of Nevada
United States Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6281 / Fax: (702) 388-6787
jamie.mickelson@usdoj.gov

*Attorneys for the United States*

FILED.

DATED: 12:23 pm, May 04, 2020

U.S. MAGISTRATE JUDGE

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

IN THE MATTER OF THE
APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN
ORDER PURSUANT TO 18 U.S.C. §
2703(d)

Case No. 2:20-mj-0014-DJA

**(Under Seal)**

## APPLICATION FOR ORDER COMMANDING PROVIDER
## NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF COURT ORDER

The Government requests that the Court order Microsoft Corporation (the Provider)

to not notify any person (including the subscribers of the accounts listed in the order) of the

existence of the attached order until 120 days from the date of this order, or until further

ordered by this Court, whichever occurs first.

The Provider is a provider of an electronic communication service, as defined in 18

U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).

Pursuant to 18 U.S.C. § 2703(d), the Government obtained the attached order on January 10,

2

2020, which required the Providers to disclose certain records and information to the Government regarding the subscribers of their service. In the same order, pursuant to 18 U.S.C. § 2705(b), this Court also directed the Provider not to notify any person of the existence of the court order for a period of 120 days.

This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order."

## FACTUAL BACKGROUND

The attached order was issued to obtain records relevant to an ongoing criminal investigation of possible violations of 18 U.S.C. §§ 1347 (Health Care Fraud). The targets of the investigation have billed the Department of Veterans Affairs for several million dollars' worth of supplies that, based on the investigation, it is believed were not provided to the beneficiary. The records obtained have helped the government identify targets of the investigation and additional methods of investigation.

## ANALYSIS

A nondisclosure order is appropriate here because the attached order relates to an ongoing criminal investigation that is neither public nor known to the target of the investigation, and its disclosure would very likely alert the target or unknown coconspirators to the ongoing investigation of the target's continuing criminal activity. Subsequent to obtaining the records sought through the attached order, the government also obtained a search warrant for the subject account on March 2, 2020. (*See* 2:20-mj-00151-EJY). Along with the search warrant, the Court signed an order precluding the Provider from providing notice to the subscriber of the account for a period of 180 days, thus, the targets remain

unaware of the investigation. Renewal of the attached order for a period of 120 days is appropriate here in order not to disclose the ongoing investigation to the target of the investigation.

Some of the evidence in this investigation is stored electronically. Although the evidence sought from the Provider here may not be susceptible to destruction directly by the target, other evidence that will most likely come to light during the course of the investigation, such as evidence stored electronically in the target's email accounts, social media accounts, home and work computers, and in other locations, may be destroyed by the targets if they were to learn via notification of this order that they are targets of an ongoing federal criminal investigation. If alerted to the investigation, the targets under investigation and any unknown coconspirators could destroy that evidence and seriously jeopardize the efficacy of the investigation. Based on the facts above, there is reason to believe that notification of the existence of the attached order would seriously jeopardize the investigation, including by giving targets an opportunity to flee, destroy or tamper with evidence, or notify confederates. See 18 U.S.C. § 2705(b)(2), (3), (5).

## **CONCLUSION**

For the reasons above, the Government respectfully requests that the Court grant the attached order directing the Provider not to disclose the existence or content of the attached order for an additional 120 days, or until further order of the Court, except that the Provider may disclose the attached subpoenas to an attorney for the Provider for the purpose of receiving legal advice.

The Government further requests that the Court order that this Application and any resulting orders be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all

4

of the target of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

DATED this 4th day of May, 2020.

Respectfully submitted,
NICHOLAS A. TRUTANICH
United States Attorney

JAMIE MICKELSON
Digitally signed by JAMIE MICKELSON
Date: 2020.05.04 11:01:34 -07'00'

JAMIE MICKELSON
Assistant United States Attorney

5

FILED.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

DATED: 12:24 pm, May 04, 2020

U.S. MAGISTRATE JUDGE

IN THE MATTER OF THE
APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER
PURSUANT TO 18 U.S.C. § 2703(d)

Case No. 2:20-mj-0014-DJA

**ORDER**

**(Under Seal)**

The United States has submitted an application pursuant to 18 U.S.C. § 2705(b), requesting that the Court issue an Order commanding Microsoft Corporation (the Provider), an electronic communication service provider and/or a remote computing service, not to notify any person (including the subscribers and customers of the account listed in the Order of the existence of the attached Order for a period of 120 days. Previously, on January 10, 2020, pursuant to 18 U.S.C. § 2705(b), in the attached order the Court directed the Provider not to notify any person of the existence of the Order for a period of 120 days.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. See 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS ORDERED under 18 U.S.C. § 2705(b) that Microsoft Corporation shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscriber(s) of the account listed in Attachment A to the order or to any other person for 120 days from the date of this Order, unless and until otherwise authorized to do so by the Court, except that Microsoft Corporation may disclose this Order to its attorney for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court.

This ___4th___ day of May, 2020.

_____
HONORABLE DANIEL J. ALBREGTS
United States Magistrate Judge

7

FILED

2020 JAN 10 PM 1:51

U.S. MAGISTRATE JUDGE

BY_____

# SEALED

Office of the United States Attorney
District of Nevada
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336

FILED

2020 JAN 10 PM 1: 51

U.S. MAGISTRATE JUDGE

BY_____

1 | NICHOLAS A. TRUTANICH
United States Attorney
2 | District of Nevada
Nevada Bar No. 13644
3 | JAMIE MICKELSON
Assistant United States Attorney
4 | District of Nevada
United States Attorney's Office
5 | 501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
6 | (702) 388-6281 / Fax: (702) 388-6787
jamie.mickelson@usdoj.gov
7
*Attorneys for the United States*
8

9 | **UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
10

11 | IN THE MATTER OF THE
APPLICATION OF THE UNITED
12 | STATES OF AMERICA FOR AN
ORDER PURSUANT TO 18 U.S.C. §
13 | 2703(d)

14

15

Case No. 2:20-mj-00014-DJA

**APPLICATION OF THE UNITED
STATES FOR AN ORDER PURSUANT
TO 18 U.S.C. § 2703(d)**

**(Under Seal)**

16 |     The United States of America respectfully submits under seal this ex parte

17 | application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would

18 | require Microsoft Corporation ("Microsoft" or "the Provider"), an email service provider

19 | located in Redmond, Washington, to disclose certain records pertaining to the email

20 | address TMS.INC@HOTMAIL.COM (the "SUBJECT ACCOUNT") for the period from

21 | January 1, 2018 to the present, as described in Attachment A.

22 |     The records and other information to be disclosed are described in Part II of

23 | Attachment A to the proposed Order. The government further requests that the Court issue

24 | a non-disclosure order and seal this application and any resulting order because disclosure

2

1 could interfere with an ongoing criminal investigation. In support of this application, the

2 government asserts:

### I. Legal Background

4     Microsoft is a provider of an electronic communications service, as defined in 18

5 U.S.C. § 2510(15). Accordingly, the government may use a court order issued under

6 § 2703(d) to require the Provider to disclose the items described in Part II of Attachment A.

7 *See* 18 U.S.C. § 2703(c)(1), (c)(2).

8     This Court has jurisdiction to issue the proposed Order because it is "a court of

9 competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d).

10 Specifically, the Court is a "district court of the United States . . . that – has jurisdiction

11 over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). This investigation concerns

12 allegations of healthcare fraud by Tropicana Medical Supply, Inc., ("TMS") a Nevada

13 corporation registered in 2003. The government's investigation is focused on whether TMS

14 and its owners have committed and are committing healthcare fraud. *See* 18 USC § 1347

15 (Health care Fraud).

16     A court order under § 2703(d) "shall issue only if the governmental entity offers

17 specific and articulable facts showing that there are reasonable grounds to believe that the

18 contents of a wire or electronic communication, or the records or other information sought,

19 are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). The

20 facts set forth below establish that there are reasonable grounds to believe that the

21 information described in Part II of Attachment A is relevant and material to an ongoing

22 criminal investigation.

23

24

1   ## II.   Conduct Under Investigation

2       The Department of Veterans Affairs (VA) Spina Bifida Health Care Benefits program

3   provides monetary allowances and VA-financed health care benefits, including durable

4   medical supplies, among other benefits, to children born to certain Korea and Vietnam

5   veterans. M.L. is a patient suffering from spina bifida who receives benefits under the spina

6   bifida program. M.L. suffers from incontinence and receives a prescription for durable

7   medical equipment such as catheters, gloves, adult diapers, and wheel chairs.

8       Tropicana Medical Supply, Inc. ("TMS") is a durable medical supply company that

9   provides durable medical equipment to its clients. TMS was registered as a domestic

10  corporation in the State of Nevada in 2003. TMS bills the VA directly for the cost of the

11  medical supplies purportedly supplied to M.L. The investigation revolves around allegations

12  that Tropicana Medical Supply is overbilling the VA, and, as a result has obtained large

13  sums of money from the VA to which it is not entitled. Since 2010, TMS has billed the VA

14  more than $6.7 million, and has been paid more than $3.8 million, for durable medical

15  equipment allegedly provided to M.L. For example, from April to June 2019, TMS billed

16  the VA $20,696.73 every two weeks for medical supplies for M.L., including 660 catheters,

17  300 adult disposable diapers, 300 adult protective underwear, and 40 mattress pads. The VA

18  has determined that this is a quantity far greater than any one patient could use.

19      The letterhead provided by TMS in the claims submitted to the VA contains the

20  email address TMS.INC@HOTMAIL.COM as the official email address of the business.

21  On December 13, 2019, a representative from the VA emailed TMS at the email address

22  TMS.INC@HOTMAIL.COM to request a copy of a prescription for the supplies provided

23  to M.L. in order to process a submitted claim. On December 23, 2019, Thomas Jermaine,

24

4

1 Manager of Operations, responded from the TMS.INC@HOTMAIL.COM account,

2 providing the requested prescription.

3      Additionally, a review of TMS' bank records show that the primary source of income

4 appears to be the money received from the VA. Investigators have confirmed that TMS does

5 not have any Medicaid patients. Surveillance conducted on May 9, 2019 revealed no foot

6 traffic to and from the business.

7              **III.    Request for Order**

8      The facts set forth above show that there are reasonable grounds to believe that the

9 records and other information described in Part II of Attachment A are relevant and

10 material to an ongoing criminal investigation. 18 U.S.C. § 2703(d). The records sought will

11 assist the investigation in multiple ways.

12      First, the records will show whether TMS has communicated with any other entity

13 that might provide reimbursement for durable medical supplies, as well as whether TMS

14 has communicated with any medical professionals or patients. The records will also

15 potentially reveal communication to or from suppliers of durable medical equipment,

16 which will further the investigation by allowing the Government to, in turn, seek records

17 from those suppliers to determine the quantity of supplies being purchased by TMS and

18 whether those quantities are consistent with the amounts being billed to the VA.

19      The proposed Order does not seek the content of e-mails, only non-content

20 information such as dates and times emails were sent and to whom. Accordingly, the

21 government requests that the Provider be directed to produce the items described in Part II

22 of Attachment A to the proposed Order.

23

24

5

1    The government further requests that the Order require the Provider not to notify

2    any person, including the subscribers or customers of the accounts listed in Part I of

3    Attachment A, of the existence of the Order for a period of 120 days, beginning on the date

4    the Order is entered. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. §

5    2705(b) to issue "an order commanding a provider of electronic communications service or

6    remote computing service to whom a warrant, subpoena, or court order is directed, for

7    such period as the court deems appropriate, not to notify any other person of the existence

8    of the warrant, subpoena, or court order." *Id.* In this case, such an order would be

9    appropriate because the requested Order relates to an ongoing criminal investigation that is

10   neither public nor known to all of the targets of the investigation, and disclosure may alert

11   the targets to the ongoing investigation. Specifically, there is reason to believe that

12   notification of the existence of the requested Order will seriously jeopardize the

13   investigation, including by giving targets an opportunity to flee from prosecution, destroy

14   or tamper with evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C.

15   § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If

16   alerted to the investigation, the owners and employees of TMS could destroy that evidence,

17   including information saved to their personal computers.

18   *///*

19

20

21

22

23

24

The government further requests that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted this 10th day of January, 2020.

NICHOLAS A. TRUTANICH
United States Attorney

JAMIE MICKELSON
Assistant United States Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

IN THE MATTER OF THE
APPLICATION OF THE UNITED
STATES OF AMERICA FOR AN ORDER
PURSUANT TO 18 U.S.C. § 2703(d)

Case No.   2:20-mj-00014-DJA

**ORDER**

**(Under Seal)**

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d),

requesting that the Court issue an Order requiring Microsoft Corporation, an electronic

service provider located in Richmond, Washington, to disclose the records and other

information described in Attachment A to this Order.

The Court finds that the United States has offered specific and articulable facts

showing that there are reasonable grounds to believe that the records or other information

sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence

of this Order will seriously jeopardize the ongoing investigation, including by giving targets

an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence,

change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Microsoft

Corporation shall, within ten days of the date of this Order, disclose to the United States the

records and other information described in Attachment A to this Order;

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Microsoft Corporation

shall not disclose the existence of the application of the United States, or the existence of

this Order of the Court, to the subscriber(s) of the account listed in Attachment A or to any

1

1   other person for 120 days from the date of this Order, unless and until otherwise authorized

2   to do so by the Court, except that Microsoft Corporation may disclose this Order to its

3   attorney for the purpose of receiving legal advice.

4        IT IS FURTHER ORDERED that the application and this Order are sealed until

5   otherwise ordered by the Court.

6                             DANIEL J. ALBREGTS

7                         HONORABLE DANIEL J. ALBREGTS
                              United States Magistrate Judge

8   1 10 2020

   Date

9

10                 I hereby attest and certify on ___1 10 2020___

11                that the foregoing document is a full true and correct
                 copy of the original on file in my office, and in my legal
                 custody.

12                           DANIEL J. ALBREGTS
                          U.S. MAGISTRATE JUDGE

13                          DISTRICT OF NEVADA

14                 By _____   ✓ Judicial Assistant
                                    ___ Law Clerk

15

16

17

18

19

20

21

22

23

24

                                2

ATTACHMENT A

**I.    The Accounts**

The Order applies to certain records and information associated with the e-mail address: TMS.INC@hotmail.com

**II.   Records and Other Information to Be Disclosed**

Microsoft Corporation is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account").

A. The following information about the customers or subscribers of the Account:

1. Description of services and dates of service;

2. Names (including subscriber names, user names, and screen names);

3. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses).

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address);

7. Means and source of payment for such service (including any credit card or bank account number) and billing records.

B. For the period from January 1, 2018 to the present, all records and other information (not including the contents of communications) relating to the Account, including:

Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination e-mail addresses, IP addresses, and telephone numbers).

3