DEVERIE J. CHRISTENSEN, ESQ.
Nevada Bar No. 6596
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
HILARY A. WILLIAMS, ESQ.
Nevada Bar No. 14645
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Facsimile: (702) 921-2461
E-Mail: deverie.christensen@jacksonlewis.com
E-Mail: joshua.sliker@jacksonlewis.com
E-Mail: hilary.williams@jacksonlewis.com

*Attorneys for Defendants*
*Wynn Resorts, Limited and Wynn Las Vegas, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JUDY DOE NO. 1, an individual; JUDY DOE NO. 2, an individual; JUDY DOE NO. 3, an individual; JUDY DOE NO. 4, an individual; JUDY DOE NO. 5, an individual; JUDY DOE NO. 6, an individual; JUDY DOE NO. 7, an individual; JUDY DOE NO. 8, an individual; and JUDY DOE NO. 9, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>WYNN RESORTS, LIMITED, a Nevada corporation; WYNN LAS VEGAS, LLC, a Nevada limited liability company; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-01904-GMN-VCF<br><br>**DEFENDANT WYNN RESORTS, LIMITED'S:**<br><br>**(1) MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT; OR**<br><br>**(2) IN THE ALTERNATIVE, JOINDER TO DEFENDANT WYNN LAS VEGAS, LLC'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT.** |

Defendant Wynn Resorts, Limited ("WRL" or "Defendant"), by and through its counsel, the law firm of Jackson Lewis P.C., moves to dismiss Plaintiffs' Second Amended Complaint (ECF No. 106) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Put simply, Wynn Resorts, Limited is not Plaintiffs' employer, and has never been Plaintiffs' employer, and as such, is not a proper party to this lawsuit. Alternatively, if the Court determines that Wynn Resorts,

1  Limited is a proper party, Defendant joins in, adopts, and incorporates the arguments asserted in
2  Defendant Wynn Las Vegas, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint
3  (ECF No. 115).

4       These Motions and Joinder are based on the pleadings and papers on file in this case, the
5  following memorandum of points and authorities, the Declaration of Alisha Balee, and any oral
6  argument that the Court deems proper.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

9       This is a case involving alleged employment discrimination and other torts in which
10 Plaintiffs have improperly sued Wynn Resorts, Limited, which is not, and has never been, their
11 employer. On February 2, 2022, Plaintiffs filed a Second Amended Complaint. ECF No. 106.
12 Plaintiffs' Second Amended Complaint alleges six causes of action including: (1) discrimination
13 and retaliation in violation of Title VII of the 1964 Civil Rights Act; (2) discrimination and
14 retaliation in violation of Nev. Rev. Stat. § 613.330 et seq.; (3) Negligent Hiring, Training,
15 Supervision and Retention of High-Level Executives and Human Resources Personnel; (4)
16 Intentional Infliction of Emotional Distress; (5) False Imprisonment; (6) Invasion of Privacy; and
17 (7) Injunctive Relief. Essentially, Plaintiffs claim that their employer allowed Stephen A. Wynn
18 ("Steve Wynn") to engage in certain alleged misconduct against female employees, and then
19 intimidated and retaliated against them after allegations about the misconduct became public.

20      Notably, these claims are not directed to any specific defendant but instead, generally, to
21 both named Defendants, WRL and Wynn Las Vegas, LLC. However, WRL does not employ
22 Plaintiffs. Rather, WRL is a thrice-removed parent corporation, and Plaintiffs' actual employer,
23 Wynn Las Vegas, LLC, has already been named. Thus, WRL respectfully requests dismissal of all
24 of Plaintiffs' claims against it.

### II.      FACTUAL BACKGROUND

26      Defendant WRL is a publicly traded holding company which owns other companies that
27 own and/or operate hotel and casino resorts. It is the indirect parent company of Wynn Las Vegas,

28

LLC. Second Amended Complaint, ECF No. 106, ¶ 11; Balee Decl., ¶ 3, **Exhibit 1**.[1]  Wynn Las Vegas, LLC is owned by Wynn Las Vegas Holdings, LLC. *Id*., at ¶ 3. Wynn Las Vegas Holdings, LLC is owned by Wynn America Group, LLC. *Id.* Wynn America Group, LLC is owned by Wynn Resorts Finance, LLC. Wynn Resorts Finance, LLC is owned by Wynn Resorts Holdings, LLC. *Id.* And finally, Wynn Resorts Holdings, LLC is owned by Wynn Resorts, Limited. *Id.*

Plaintiffs' Second Amended Complaint adds one new paragraph that was not contained in the First Amended Complaint to identify the Parties and assert that WRL and Wynn Las Vegas, LLC are a "singular entity" to establish an employment relationship between the Plaintiffs and WRL.

> The singular entity of the two named Defendants is best illustrated in the explanations and charts found in the 3/19/2019 Massachusetts Gaming Report, Exhibit 2, pages MGC 0016-0018, 0028-0029, 0217-0218[2], footnotes on MGC 332, 343, which are based on the Defendants' disclosures to Massachusetts gaming authorities, including the actions of the parent company employees and officials (all selected by Steve Wynn prior to 2018) in the operations of the subsidiaries.

ECF No. 106, ¶ 12; Exhibit 2 (ECF No. 106-2). However, nothing in the 3/19/2019 Massachusetts Gaming Commission Report expressly states, addresses, or establishes that an employment relationship exists between Plaintiffs and WRL. In fact, these documents demonstrate WRL is the indirect parent company of Wynn Las Vegas, LLC, consistent with Ms. Balee's Declaration. *Id.* at MGC 16-18, compared to **Exhibit 1** at ¶ 3. The documents also include an employment history of several members of management of either WRL or Wynn Las Vegas, LLC. *Id.* at MGC 28-29. And they show that WRL and several of its subsidiaries, including Wynn Las Vegas, LLC, maintain a policy prohibiting harassment, discrimination, and retaliation in the workplace. *Id,* at MGC 332-

---

[1] When considering a motion to dismiss, the district court may properly review evidence outside the pleadings to resolve factual disputes concerning the existence of jurisdiction. *Land v. Dollar*, 330 U.S. 731, 735 n.4 67 S. Ct. 1009, 91 L. Ed. 1209 (1947); *see also Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983) (consideration of material outside the pleadings does not convert a Rule 12 motion into a summary judgment motion). *United States EEOC v. Global Horizons, Inc*., 860 F. Supp.2d 1172 (D. Haw .2012). Additionally, "a district court . . . may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the . . . pleading." *Parrino v. FHP, Inc*., 146 F.3d 699, 706 (9th Cir. 1998) (*superseded* by statute on other grounds, see *Abrego Abrego v. The Dow Chemical Co.,* 443 F.3d 676, 681-82 (9th Cir. 2006).

[2] Plaintiffs' Exhibit 2 (ECF No. 160-2) does not contain any pages marked "MGC 0217-218."

333[3]. In short, none of these documents address Plaintiffs' employment with Wynn Las Vegas, LLC, nor do they establish any employment relationship between the Plaintiffs and WRL.

Defendant Wynn Las Vegas, LLC owns and operates a hotel and casino property comprised of two hotel towers, Wynn Las Vegas and Encore at Wynn Las Vegas[4], located on the Las Vegas Strip. *Id.* Both towers have salons—The Salon at Wynn (the "Wynn Salon") and The Salon at Encore (the "Encore Salon")—which offer hair, nail and makeup services to the public. **Exhibit 1** at ¶ 5. According to Plaintiffs, each of them work in either the Wynn Salon or Encore Salon as "manicurists and makeup artists." ECF No. 106, ¶¶ 27 and 95. Regardless of whether Plaintiffs work in the Wynn Salon or Encore Salon, all salon workers, including Plaintiffs, are employees of Defendant Wynn Las Vegas, LLC. **Exhibit 2**, Declaration of Courtney Prescott, ¶¶ 4-5. Plaintiffs readily admit this fact as they state in their Complaint that Wynn Las Vegas, LLC "is the corporate entity issuing paychecks to Plaintiffs."[5] ECF No. 106, ¶ 11. Moreover, Plaintiffs do not assert that WRL is a "joint employer" with Wynn Las Vegas, LLC. In fact, Plaintiffs plead no allegations of a "joint employer" relationship with WRL in the Second Amended Complaint. *See* ECF No. 106.

### III.   LEGAL ARGUMENT

**A.  Standard for Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6).**

A claim must be dismissed if it fails "to state a claim upon which relief can be granted." FRCP 12(b)(6). Under Rule 8(a)(2), a pleading should provide a "short and plain statement of the claim showing that the pleader is entitled to relief," but ***must*** still contain enough "factual matter,

---

[3] Plaintiffs' Second Amended Complaint, Exhibit 2 (ECF No. 160-2) includes MGC 332, but no document marked MGC 333.

[4] Wynn Las Vegas opened on April 28, 2005, and it opened a second hotel tower, Encore, approximately three years later, on December 22, 2008.

[5] A number of courts have held that the "[p]ayment of salary or other employment benefits may be indicative of a right to control employment." *Urrutia v. Chipotle Mexican Grill, Inc.*, No. CV 16-02065-BRO (MRWx), 2017 U.S. Dist. LEXIS 222972, at *40 (C.D. Cal. June 16, 2017) (citing *Rhodes v. Sutter Health*, 949 F. Supp. 2d 997, 1003 (E.D. Cal. 2013), *Vernon v. State of Cal.*, 116 Cal. App. 4th 114, 125, 10 Cal. Rptr. 3d 121, 130 (2004)). Indeed, "[t]he absence of any direct or indirect remuneration from the defendant to the plaintiff, while not controlling, is at least strong evidence that an employment relationship ***did not exist***." *Urrutia*, 2017 U.S. Dist. LEXIS 222972, at *42 (quoting *Vernon*, 116 Cal. App. 4th at 126) (emphasis added). [6] A claim under Nev. Rev. Stat. § 613.330 et seq. is "assessed under the applicable federal anti-discrimination law." *Coburn v. PN II, Inc.*, 372 F. App'x 796, 798 (9th Cir. 2010) (citing *Apeceche v. White Pine County*, 96 Nev. 723, 615 P.2d 975, 977-78 (Nev. 1980)).

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added); FRCP 8(a). Moreover, dismissal is warranted when the allegations state a claim that is not a "cognizable theory of law" or when there are insufficient facts to satisfy the pleading standard under FRCP 8(a). *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Garcia v. Clovis Unified Sch. Dist.*, 627 F. Supp. 2d 1187, 1194 (E.D. Cal. 2009). When allegations are based on a non-actionable legal theory, dismissal with prejudice is appropriate because the claim cannot be cured through additional factual allegations. *Garcia*, 627 F. Supp. 2d at 1194.

Though the party opposing a 12(b)(6) motion to dismiss is given the benefit of the doubt in that its factual allegations are accepted as true, a court will not assume the truth of legal conclusions merely because the plaintiff casts them in the form of factual allegations. *Iqbal*, 129 S. Ct. at 1950. The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level," and must do more than "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (citations omitted). As the Court in *Twombly* further noted, a plaintiff must "nudge[] [its] claims across the line from conceivable to plausible" to survive a motion to dismiss. *Id.* at 570. Because the line separating the plausible from the merely conceivable is not always a clear one, the reviewing court is to "draw on its judicial experience and common sense" in making the determination of what a plausible claim looks like. *Iqbal*, 129 S. Ct. at 1950.

In *Iqbal*, the Supreme Court provided a framework in which the reviewing court could exercise its experience and common sense. First, the court should determine which allegations merely state legal conclusions and which are indeed factual assertions. Second, the court should determine whether the factual assertions present a plausible entitlement to relief. *Id*. In other words, the court must determine whether the remaining factual content, if true, permits a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 1949-50. Therefore, as in the instant matter, where a complaint is premised on formulaic recitations of a claim or unsupported conclusions, its claims should be dismissed.

**B. Plaintiffs' Claims Must Be Dismissed Because Wynn Resorts, Limited Is Not Plaintiffs' Employer, is Not a Joint Employer of Plaintiffs, and Is Not a Proper Party to This Action.**

Each of Plaintiffs' claims is premised on the allegation that WRL is their employer. Second Amended Complaint, ECF No. 106, ¶¶ 275-402. Because WRL is not and has never been their employer, and Plaintiff has not plead nor established that WRL is a "joint employer" with Wynn Las Vegas, LLC, Plaintiffs' claims must be dismissed.

### *1.   Plaintiffs' do not plead facts to establish employment by WRL.*

Plaintiffs have sued WRL on the basis that Wynn Las Vegas, LLC is "ultimately controlled by Defendant Wynn Resorts, Limited, the parent company, . . . ," shares anti-harassment and discrimination policies, and asserts, therefore, that they are a "singular entity." ECF No. 106, ¶¶ 11 and 12. However, the fact that one party is the parent company of another does not establish a claim against that parent entity. *See Goff ex rel. Estate of Torango v. Harrah's Operating Co., Inc.*, 392 F. Supp. 2d 1244, 1245-46 (D. Nev. 2005); *Nat'l Convenience Store, Inc. v. Fantauzzi*, 94 Nev. 655, 657, 584 P.2d 689, 691 (1978) (granting motion to dismiss a parent company); *Truck Ins. Exch. v. Swanson*, 124 Nev. 629, 635 (2008) ("the corporate cloak is not lightly thrown aside" and thus, the court found that common ownership of stock insufficient to establish alter ego liability); *Pat Clark Sports, Inc. v. Champion Trailers, Inc.*, 2:06-cv-00180-PMP-LRL, 2007 U.S. Dist. LEXIS 37023, at *9-10 (D. Nev. April 25, 2007) (same).

"It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) (internal citations omitted); *see also Roll v. Tractor, Inc.*, 140 F. Supp. 2d 1073, 1078 (D. Nev. 2001). Indeed, "[B]usinesses are allowed to incorporate and thereby isolate liabilities among separate entities . . . This concept of limited liability creates a strong presumption that a **parent** or affiliated company is not liable for employment violations of its subsidiary or affiliate." *EEOC v. Con-Way, Inc.*, No. CV 06-1337-MO, 2007 U.S. Dist. LEXIS 66727, at *4 (D. Or. Sept. 4, 2007) (internal citations omitted) (emphasis added).

Multiple courts in the District of Nevada have found that "mere allegations of liability" for Title VII and other types of discrimination "based on parent-subsidiary status are insufficient to

preclude dismissal." *Ozkan v. Am. Casino & Entm't Props., LLC*, No. 2:14-CV-187 JCM (GWF), 2014 U.S. Dist. LEXIS 115050, at *9 (D. Nev. Aug. 19, 2014) (*citing Fox v. Sysco Corp.*, No. 2:11-cv-00424-RLH-PAL, 2011 U.S. Dist. LEXIS 134537 at *4-5 (D. Nev. Nov. 21, 2011) (granting motion to dismiss Title VII claims against parent corporation where complaint merely alleged that a parent-subsidiary relationship existed, that parent "and/or" subsidiary employed individuals who discriminated, and that "both entities acted through its employees to discriminate against [plaintiff]"); *Cummings v. United Healthcare Servs.*, No. 2:13-cv-00479-APG-GWF, 2014 U.S. Dist. LEXIS 44789 at *7-9 (D. Nev. Mar. 31, 2014) (granting motion to dismiss parent corporation where plaintiff pled that defendants were all parent or subsidiary companies of one another and thus joint employers)); *Young v. Boggs*, No. 2:10–cv–01846–KJD–LRL, 2011 WL 2690125 *2 (D. Nev. July 11, 2011) (dismissing Title VII, ADEA, and state law claims where "the only fact regarding the entities' relationship alleged in the Amended Complaint [was] that [the moving entity was another entity's] parent company"); *Roll*, 140 F. Supp. 2d at 1078 (granting summary judgment to parent corporation in personal injury tort context); *Lopez v. Goldcorp USA Inc.*, No. 3:09–CV–00104–LRH–VPC, 2010 WL 3257889 *4-5 (D. Nev. Aug. 13, 2010) (the "mere parent-subsidiary relationship . . . does not justify imposition of liability on [the parent]"); *Florez v. Holly Corp.*, No. 04–2331, 2005 WL 3047965 *2 (10th Cir. Nov. 15, 2005) (former employee failed to establish his former employer and employer's parent corporation constituted a single employer, such that the parent corporation was liable for alleged unlawful discrimination and retaliation in violation of the ADA and FMLA).

Here, Plaintiffs' claims against WRL arise from their employment with Wynn Las Vegas, LLC—a thrice-removed indirect subsidiary of Wynn Resorts, Limited—as manicurists and makeup artists at the Wynn Salon and Encore Salon. However, Plaintiffs can invoke the protections and remedies of Title VII and Nev. Rev. Stat. § 613.330 et seq.[6] **only** if they were employed by WRL, which they were not. *Murray v. Principal Fin. Group, Inc.*, 613 F.3d 943, 944 (9th Cir. 2010).

---

[6] A claim under Nev. Rev. Stat. § 613.330 et seq. is "assessed under the applicable federal anti-discrimination law." *Coburn v. PN II, Inc.*, 372 F. App'x 796, 798 (9th Cir. 2010) (citing *Apeceche v. White Pine County*, 96 Nev. 723, 615 P.2d 975, 977-78 (Nev. 1980)).

Simply put, the fact that Plaintiffs are not, and have never been, employed by WRL is fatal to their first (discrimination in violation of Title VII and Nev. Rev. Stat. § 613.330 et seq.), second (retaliation in violation of Title VII and Nev. Rev. Stat. § 613.330 et seq.) and seventh (injunctive relief under Title VII and Nev. Rev. Stat. § 613.330 et seq.) claims for relief. *Id.; see also Nowick v. Gammell*, 351 F. Supp. 2d 1025, 1036-38 (D. Haw. 2004) (entering summary judgment for defendant because plaintiff failed to establish existence of an employment relationship); *Fox v. Sysco Corp.*, Case No.: 2:11-cv-00424-RLH-PAL, 2011 U.S. Dist. LEXIS 134537, at *4-6 (D. Nev. Nov. 21, 2011) (dismissing defendant because parent/subsidiary relationship is insufficient to establish liability under Title VII).

Additionally, Plaintiffs' third (Negligent Hiring, Training, Supervision, and Retention), fourth (Intentional Infliction of Emotional Distress), fifth (False Imprisonment), and sixth (Invasion of Privacy) state law claims must also be dismissed. Each of these claims is premised on Plaintiffs establishing an employment relationship with WRL—a relationship Plaintiffs only have Defendant Wynn Las Vegas, LLC. For example, Plaintiffs' third claim alleges that *Plaintiffs' employer* was negligent because its human resources personnel and executives failed to protect salon employees and ensure that anti-discrimination laws were enforced. First Amended Complaint, ¶¶ 335-352. Plaintiffs allege that "Defendants owed Plaintiffs, and *each of their employees*, a duty . . . " (¶ 336) (emphasis added), "Defendants failed to do so by allowing Steve Wynn in charge and control their workplace . . . " (¶ 337), and "Defendants were responsible for the well-being of Salon employees (including Plaintiffs) while they were working . . . " (¶ 340).

Plaintiffs' fourth claim alleges that *Plaintiffs' employer* did not prevent Mr. Wynn from perpetrating the alleged misconduct and further allowed him to interact with salon employees following public disclosure of the allegations against him. *Id.* at ¶¶ 353-366. Plaintiffs' fourth claim for intentional infliction of emotional distress alleges " . . . Defendants, *as employers*, conducted their business in an extreme and outrageously dangerous manner . . . " (¶ 354) (emphasis added), and " . . . [i]t was extreme and outrageous for Defendants to allow Defendants['] President and CEO Matt Maddux (sic) conducting (sic) town hall meetings with the Salon *employees* . . ." (¶ 360) (emphasis added).

Plaintiffs' fifth claim alleges that Judy Does 1, 2, 3, 5, and 8 were required to attend a "January 13, 2018 Wynn Country Club meeting conducted by Defendants *as employers*" during which Plaintiffs "felt intimidated and "confined" (¶ 368-369, 373 (emphasis added)); and Judy Does 1, 2, 3, 4, 5, 6, 8, and 9 were "required or trapped *in their workplace*" into attending meetings in "*their Salon workplace*" and scheduled to attend interviews by "*their employer*" (¶ 376)(emphasis added). *Id.* at ¶¶ 367-379.

Plaintiffs' sixth claim alleges that *Plaintiffs' employer* gave Mr. Wynn their cell phone numbers and work schedules and allowed him to film them during a birthday party for a salon employee. *Id.* at ¶¶ 380-395. Plaintiffs' claim for invasion of privacy alleges that "Plaintiffs had an actual and reasonable expectation of seclusion and some privacy *in their workplace*, and the protection of information they had disclosed to Defendants *as their employer*" (¶ 383) (emphasis added).

Finally, Plaintiffs' seventh claim for Injunctive Relief also directly speaks to the existence of an employment relationship, specifically their employer's policies and practices that Plaintiffs request be modified with respect to their workplace. Plaintiffs assert a claim for Injunctive Relief under Title VII and Nevada Law, stating they "are still employed" and seek to be "afforded a workplace free of all forms of unlawful discrimination of any kind" from their "large and allegedly sophisticated employer." ECF No. 106, ¶¶ 397, 400.

These allegations are all concerned with the actions or inactions of Defendant Wynn Las Vegas, LLC, *as Plaintiffs' employer*, and the contention that it failed to protect Plaintiffs from Mr. Wynn at various times, places, and situations. Plaintiffs have not articulated any other basis for asserting these claims against WRL, other than the existence of the parent-subsidiary relationship. This is simply insufficient and Plaintiffs' third, fourth, fifth, sixth, and seventh claims must be dismissed pursuant to FRCP 12(b)(6). *See Young*, No. 2011 WL 2690125 at *2 (dismissing Title VII, ADEA, and state law claims where "the only fact regarding the entities' relationship alleged in the Amended Complaint [was] that [the moving entity was another entity's] parent company"). In fact, there are no allegations in Plaintiffs' Second Amended Complaint specifically directed at Wynn Resorts, Limited other than merely identifying WRL as a defendant and "collectively"

1  referring to Wynn Resorts, Limited and Wynn Las Vegas, LLC as "Wynn Resorts" or

2  "Defendants." *See* ECF No. 106, ¶ 11-13.

3      Thus, WRL cannot be held liable under Title VII, Nev. Rev. Stat. § 613.330 et seq., or

4  for any other federal or state claim that is predicated on Plaintiffs' employment with Wynn Las Vegas,

5  LLC as manicurists and makeup artists in the Wynn Salon or Encore Salon. *See generally Foster*

6  *v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1194 (10th Cir. 2004) (plaintiffs cannot assert wrongful

7  termination claims because they were never employed by defendant); *Feliciano v. The Reger Grp.*,

8  No. 1:13cv1572-AJT-TCB, 2015 U.S. Dist. LEXIS 45229, *7 (E.D. Va. April 7, 2015) (stating that

9  plaintiff's claim for wrongful termination failed because the defendant did not employ her); *Morris*

10  *v. Hartford Courant Co.*, 200 Conn. 676, 679, 513 A.2d 66 (1986) ("A wrongful termination case,

11  it is axiomatic, must be brought by a *former* employee) (emphasis added)).

12      ### *2. Plaintiffs' do not plead a joint employer relationship.*

13      Plaintiffs' Second Amended Complaint makes no mention of a "joint employer"

14  relationship and does not plead facts to establish such a relationship between Plaintiffs and WRL.

15  The Ninth Circuit has adopted a test for "determining when an entity may be held liable as a joint

16  employer under Title VII." *United States EEOC v. Glob. Horizons, Inc.*, 915 F.3d 631, 637 (9th

17  Cir. 2019). In *United States EEOC v. Glob. Horizons, Inc.*, the court adopted the common-law

18  agency test to determine whether joint employer liability should be imposed. *Id.* at 638. The

19  common-law agency test looks to the element of control—"that is, the extent of control that one

20  may exercise over the details of the work of the other"—as "the principal guidepost." *Id.* (internal

21  citations omitted). District courts evaluating the element of control analyze:

22          the skill required; the source of the instrumentalities and tools; the location
           of the work; the duration of the relationship between the parties; whether
23          the hiring party has the right to assign additional projects to the hired party;
           the extent of the hired party's discretion over when and how long to work;
24          the method of payment; the hired party's role in hiring and paying
           assistants; whether the work is part of the regular business of the hiring
25          party; whether the hiring party is in business; the provision of employee
           benefits; and the tax treatment of the hired party.
26

27

28

1  *Id.* (quoting *Nationwide Mutual Insurance Co. v. Darden*, 503 U.S. 318, 323, 112 S. Ct. 1344, 117

2  L. Ed. 2d 581 (1992)). As no single factor is determinative, "all of the incidents of the relationship

3  must be assessed and weighed with no one factor being decisive." *Id.* (internal quotations omitted).

4  The Second Amended Complaint makes no mention of "joint employer," and not one of its 402

5  paragraphs specify the alleged wrongful conduct in which WRL engaged separate and apart from

6  the allegations against WLV as Plaintiffs' employer. *See EEOC v. La Rana Hawaii, LLC*, 888 F.

7  Supp. 2d 1019, 1046 (D. Haw. 2012) ("The EEOC must allege specifically what wrongdoing it is

8  assigning to each Defendant. If the EEOC intends to proceed on a theory of joint employer liability,

9  it must allege facts sufficient to support its contention that both Defendants controlled the terms

10  and conditions of the Claimants' employment.").

11       Nor do Plaintiffs allege any facts relevant to WRL's control, if any, under *Glob. Horizons*.

12  Rather, in Paragraphs 11-13 of the Second Amended Complaint, Plaintiffs simply allege that:

13       11. Defendant WYNN LAS VEGAS, LLC is the corporate entity issuing

14  paychecks to Plaintiffs. According to 3/15/19 Massachusetts Gaming
Commission *Investigative Report*, this is the subsidiary entity ultimately

15  controlled by Defendant WYNN RESORTS, LIMITED, the parent
company. **Both are being sued herein and hereinafter collectively called**

16  **"Wynn Resorts".** These defendant entities are, at all times pertinent
hereto, Nevada corporations or business entities and together with the

17  fictitious defendants described below, these Wynn Resorts defendant
entities operate two side by side, connected luxury hotels and casinos,

18  known as Wynn Las Vegas and Encore Resort, which were founded, built,
managed and fully controlled by Steve Wynn, the largest shareholder, until

19  March 2018. These properties are located at 3100 block of South Las Vegas
Boulevard, Las Vegas, Nevada. These properties are operated through

20  various business entities and licenses, including Defendants, holding

21  business, gaming and liquor licenses to do so, and are authorized to and are
conducting business in Clark County, Nevada.

22

23       12. **The singular identity of the two named Defendants** is best illustrated
in the explanation and charts found in the 3/19/19 Massachusetts Gaming

24  Report, Exhibit 2, pages MGC 0016-0018, 0028-0029, 0217-0218[7],
footnotes on MGC 332, 343, which are based on the Defendants'

25  disclosures to Massachusetts gaming authorities, **including the actions of**

26  **the parent company employees and officials (all selected by Steve**
**Wynn prior to 2018) in the operations of the subsidiaries.**

27

28  [7] Plaintiffs' Exhibit 2 (ECF No. 160-2) does not contain any pages marked "MGC 0217-218."

1
2
3
4
5
6
7

> 13. **Plaintiffs are not familiar with the complex corporate interrelationships through which the named defendants WYNN RESORTS operates these world famous, multi-million dollar luxury hotel and gaming properties, Wynn Las Vegas and Encore Resort, where the Plaintiffs are employed.** Thus, the true names and capacities, whether individual, corporate, subsidiary, associate, partnership, joint venturers or otherwise, of these fictitious (additional) defendants herein designated as DOES I through X and ROE CORPORATIONS I through X, inclusive. Their identities and names are unknown to Plaintiffs at this time, who therefore sue these defendants by fictitious names.

8
9
10
11
12
13

ECF No. 106 (emphasis added). In other words, Plaintiffs do nothing more than state WRL is WLV's parent and that WRL and WLV have a "singular identity" based on an organizational chart, a list of positions at WRL or WLV that various executives have held over a 20 year period, a policy prohibiting harassment, discrimination, and retaliation in the workplace that WRL and several of its subsidiaries, including Wynn Las Vegas, LLC, maintain; and, state the two entities will be referred to "collectively" throughout the remainder of the Second Amended Complaint.

14
15
16
17
18
19
20
21
22
23

Plaintiffs have not alleged that WRL exercised any degree of control over "the details of [their] work." *Glob. Horizons, Inc.*, 915 F.3d at 638. In fact, the Second Amended Complaint is void of any allegations as to who controlled their work.[8] There are no allegations that WRL provides "the instrumentalities and tools" to enable Plaintiffs to perform their work as manicurists and makeup artists. Said differently, Plaintiffs do not allege that WRL provides them with makeup products or manicuring tools and products to perform services in the Salons. As to the location of the work, Plaintiffs' allege they "provide . . . well-regarded personal services through their employment at the *Wynn Salon and Encore Salon* . . . .," which is a "gorgeous setting." ECF No. 106, ¶¶ 93-94 (emphasis added). As Ms. Balee's and Ms. Prescott's Declarations clearly establish, the Wynn Salon and Encore Salon are located inside the hotel and casino property owned and

24
25
26
27
28

---

[8] To the extent Plaintiffs aver that Mr. Wynn's status as WRL's CEO and Chairman of the Board until February 6, 2018 and substantial ownership of stock means he was in "control" of the salons at Wynn Las Vegas, LLC (i.e., the hotel casino property it owns and operates on the Las Vegas Strip, comprised of two hotel towers - Wynn Las Vegas and Encore Las Vegas – where Plaintiffs worked in its salons), that contention cannot be sustained. Acceptance of Plaintiffs' position would effectively mean that a parent company or stockholder will always be deemed in "control" of the workplaces of individuals employed by its subsidiaries merely because of their status as an owner of the subsidiary.

operated by WLV, consisting of two hotel towers with a salon in each tower. **Exhibit 1**, Balee Decl., ¶ 5; Prescott Decl., ¶ 3, **Exhibit 2**. Thus, these allegations refer to WLV and not WRL.

Plaintiffs' allege they have been employees of WLV since between 2004 and 2006. ECF No. 106, ¶ 92. Plaintiffs do not allege they were employees of WRL. In fact, Plaintiffs readily admit that Wynn Las Vegas, LLC "is the corporate entity issuing paychecks to Plaintiffs." ECF No. 106, ¶ 11.  They do not allege that WRL has ever had any responsibility for setting the terms of their compensation or paying them for their employment with WLV. Further, Plaintiffs do not allege that WRL provides them with any employee benefits or that they are considered employees of WRL for tax purposes. Similarly, Plaintiffs have not alleged that WRL has the right to assign them work or set the schedule and duration that Plaintiffs are expected to work.

Finally, the Second Amended Complaint contains no allegations that operating a salon is "part of the regular business" of WRL. Nonetheless, even if Plaintiffs had included such an allegation, it would be incorrect. WRL is a publicly traded holding company—it does not operate salons; rather, it indirectly owns companies that do. In contrast, the operation of salons is within the regular business of WLV by virtue of its ownership and operation of its hotel and casino property on the Las Vegas Strip. The salons are one of several amenities available to guests of the property.

In short, Plaintiffs have failed to state a "plausible claim" that WRL is their joint employer because they have not pled sufficient factual allegations in the Second Amended Complaint that address each of the *Glob. Horizons, Inc.* factors. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Rivera v. Bogden*, No. 2:17-CV-2776 JCM (NJK), 2018 U.S. Dist. LEXIS 151842, at *4 (D. Nev. Sep. 6, 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "In the context of multiple corporate entities, merely labeling the entities as 'employers' is not sufficient to plausibly show they bear liability." *Lindsey v. Parnell Corp. Servs., U.S.*, No. 17-2016-JTM, 2017 U.S. Dist. LEXIS 191329, at *4 (D. Kan. Nov. 20, 2017); *Miller v. Dillon Companies, Inc.*, No. 15-4946-DDC, 2016 U.S. Dist. LEXIS 65568, at *29 (D. Kan. May 18, 2016) ("Plaintiff's conclusory allegations that Kroger employed her are insufficient to state a claim"); *Konah v. Dist. of Columbia*, 815 F. Supp. 2d 61, 70-71

(D.D.C. 2011) (dismissing plaintiff's Title VII claim under Fed. R. Civ. P. 12(b)(6) because plaintiff failed to state sufficient facts to demonstrate that the defendant employed her). The same result is compelled here.

Accordingly, the Court should dismiss all of Plaintiffs' claims against WRL, with prejudice, because Plaintiffs are not employed by WRL and thus, it is not a proper party to this action. *See Murray*, 613 F.3d at 946.

**C. Joinder to Defendant Wynn Las Vegas, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint.**

In addition to the arguments set forth in this Motion, WRL joins, adopts, and incorporates herein the legal arguments set forth in Defendant Wynn Las Vegas, LLC's Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 115). Plaintiffs' claims against WRL should be dismissed for the same reasons set forth in Defendant Wynn Las Vegas, LLC's Motion to Dismiss.

## IV.   CONCLUSION

For the reasons set forth above, Defendant Wynn Resorts, Limited respectfully requests the Court dismiss Plaintiff's Second Amended Complaint in its entirety with prejudice against Wynn Resorts, Limited.

Dated this 9th day of March, 2022.

JACKSON LEWIS P.C.


/s/ Deverie J. Christensen
DEVERIE J. CHRISTENSEN, ESQ.
Nevada Bar No. 6596
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
HILARY A. WILLIAMS, ESQ.
Nevada Bar No. 14645
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101

*Attorneys for Defendants
Wynn Resorts, Limited, and
Wynn Las Vegas, LLC*

1

## <u>INDEX OF EXHIBITS</u>

| Exhibit No. | Description |
|:-----------:|-------------|
| 1 | Declaration of Alisha Balee |
| 2 | Declaration of Courtney Prescott |

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of Jackson Lewis P.C., and that on this 9th day of March, 2022, I caused a true and correct copy of the foregoing **DEFENDANT WYNN RESORTS, LIMITED'S: (1) MOTION TO DISMISS PLAINTIFFS' SECONDAMENDED COMPLAINT; OR (2) IN THE ALTERNATIVE, JOINDER TO DEFENDANT WYNN LAS VEGAS, LLC'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** to be served via the Court's CM/ECF electronic filing and service system to the following:

Kathleen J. England, Esq.
**Gilbert & England Law Firm**
610 South Ninth Street
Las Vegas, Nevada 89101

Jason R. Maier, Esq.
Joseph A. Gutierrez, Esq.
Danielle J. Barraza, Esq.
**Maier Gutierrez & Associates**
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89145

*Attorneys for Plaintiffs*

*/s/ Kelley Chandler*
Employee of Jackson Lewis P.C.