DEVERIE J. CHRISTENSEN, ESQ.
Nevada Bar No. 6596
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
HILARY A. WILLIAMS, ESQ.
Nevada Bar No. 14645
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Facsimile: (702) 921-2461
E-Mail: deverie.christensen@jacksonlewis.com
E-Mail: joshua.sliker@jacksonlewis.com
E-Mail: hilary.williams@jacksonlewis.com

*Attorneys for Defendants*
*Wynn Resorts, Limited and Wynn Las Vegas, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JUDY DOE NO. 1, an individual; JUDY DOE NO. 2, an individual; JUDY DOE NO. 3, an individual; JUDY DOE NO. 4, an individual; JUDY DOE NO. 5, an individual; JUDY DOE NO. 6, an individual; JUDY DOE NO. 7, an individual; JUDY DOE NO. 8, an individual; and JUDY DOE NO. 9, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>WYNN RESORTS, LIMITED, a Nevada corporation; WYNN LAS VEGAS, LLC, ability company; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:19-cv-01904-GMN-VCF<br><br>**DEFENDANT WYNN LAS VEGAS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** |

Defendant Wynn Las Vegas, LLC ("WLV"), by and through its counsel, the law firm of Jackson Lewis, P.C. hereby file this Reply in support of its Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 115). This Reply is based on Fed. R. Civ. P. 12(b)(6), the pleadings and papers on file herein, the following memorandum of points and authorities, and any additional argument of counsel that the Court may consider.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JACKSON LEWIS P.C.
LAS VEGAS

# **TABLE OF CONTENTS**

**Page(s)**

I.   INTRODUCTION ............................................................................................. 1

II.  LEGAL ARGUMENT .................................................................................... 1

    A.   Standard of Review ............................................................................... 1

    B.   Plaintiffs Fail to State a Claim for Discrimination and Sexual
        Harassment ............................................................................................ 1

        1.   Plaintiffs concede they can only seek recovery for timely
            alleged conduct. .......................................................................... 1

        2.   Plaintiffs fail to assert a theory that would render Steve Wynn
            and/or WLV's untimely conduct actionable .............................. 2

        3.   Plaintiffs fail to assert the elements of a sexual
            harassment/hostile work environment claim ............................. 3

            a.   Plaintiffs fail to allege that any timelyconduct was based on
               sex ...................................................................................... 5

            b.   Plaintiffs fail to allege that any timely alleged conduct was
               severe or pervasive ............................................................ 6

        4.   To the extent Plaintiffs are asserting a disparate treatment theory
            of sex discrimination, they fail to assert the essential elements ....... 9

        5.   Plaintiffs' First Cause of Action for Discrimination Based on
            Sex Should be Dismissed ......................................................... 10

    C.   Plaintiffs' Second Claim for Retaliation Fails to State a Claim Upon
        Which Relief May Be Granted .............................................................. 10

        1.   Plaintiffs' have not alleged adverse actions .................................... 10

            a.   Town Hall Meetings ......................................................... 11

            b.   Investigative Activities ..................................................... 13

            c.   Retaliatory Hostile Environment ...................................... 15

    D.   Plaintiffs'Third Claim for Relief for Negligent Hiring, Training,
        Supervision, and Retention Fails to State A Claim Upon Which
        Relief May Be Granted .......................................................................... 16

E.   Plaintiffs' Fourth Claim for Relief for Intentional Infliction of
     Emotional Distress ("IIED") Fails to State A Claim Upon Which
     Relief May Be Granted ....................................................................................... 17

F.   Plaintiffs' Fifth Claim for False Imprisonment Fails to State A
     Claim Upon Which Relief May Be Granted ...................................................... 19

     1.   Allegations regarding meetings and interviews should be
          dismissed as to this claim ...................................................................... 19

     2.   Plaintiffs fail to state a claim for false imprisonment regarding
          the January 31, 2018 meeting ................................................................. 20

     3.   Allowing amendment of Plaintiffs' False Imprisonment Claim
          would be futile ........................................................................................ 20

G.   Plaintiffs' Sixth Claim for Relief for Invasion of Privacy Fails to
     State a Claim Upon Which Relief May Be Granted ........................................... 22

     1.   Plaintiffs limit the scope of this claim ................................................... 22

     2.   Judy Does 5, 8 and 9 fail to plead an intrusion on seclusion
          claim ....................................................................................................... 22

     3.   Judy Does 5, 8 and 9 fail to plead a false light claim ............................ 23

H.   Plaintiffs' Seventh Claim, Request for Injunctive Relief, Fails to
     State a Claim Upon Which Relief Can Be Granted. .......................................... 23

I.   Leave to Amend Should Not be Granted ........................................................... 23

III.   CONCLUSION .......................................................................................................... 24

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AMTRAK v. Morgan*,
    536 U.S. 101 (2002)............................................................................................... 1

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)............................................................................................... 1

*Bautista v. L.A. Cty.*,
    216 F.3d 837 (9th Cir. 2000) ........................................................................ 11, 19

*Beckington v. Am. Airlines, Inc.*,
    No. 18-15648 (9th Cir. June 10, 2019) ................................................................. 3

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................................... 1

*Caltex Plastics, Inc. v. Lockheed Martin Corp.*,
    824 F.3d 1156 (9th Cir. 2016) .............................................................................. 3

*Candelore v. Clarke Cty. Sanitation Dist.*,
    752 F. Supp. 956 (D. Nev. 1990)......................................................................... 5

*Cellemme v. Sessions*,
    No. 2:16-cv-02539-JAD-CWH, 2017 U.S. Dist. LEXIS 139455 (D. Nev. Aug.
    29, 2017) ............................................................................................................... 9

*Christian v. Umpqua Bank*,
    984 F.3d 801 (9th Cir. 2020) ................................................................................ 6

*Conway v. Circus Circus Casinos, Inc.*,
    116 Nev. 870 (Nev. 2001).................................................................................. 19

*Dawson v. Entek*,
    630 F.3d 928 (9th Cir. 2011) .............................................................................. 10

*Foman v. Davis*,
    371 U.S. 178 (1962)............................................................................................ 23

*Giampa v. MidFirst Bank*,
    No. 2:17-cv-01208-MMD-CWH, 2017 U.S. Dist. LEXIS 185903 (D. Nev.
    Nov. 9, 2017) ...................................................................................................... 22

*Gilchrist v. Jim Slemons Imports, Inc.*,
    803 F.2d 1488 (9th Cir. 1986) ............................................................................ 19

*Gonzalez v. Diamond Resorts Int'l Mktg.*,
No. 2:18-cv-00979-APG-NJK, 2020 U.S. Dist. LEXIS 152523 (D. Nev. Aug. 21, 2020) .................................................................................................... 16, 18

*Griffin v. City of Lake Elsinore*,
No. 2:17-CV-00730-KJD-VCF, 2017 U.S. Dist. LEXIS 101032 (D. Nev. June 28, 2017*)* ................................................................... 5, 7, 8, 10, 14, 20

*Harris v. City of Henderson*,
No. 2:15-cv-0337-GMN-PAL, 2017 U.S. Dist. LEXIS 12469 (D. Nev. Jan. 27, 2017) ............................................................................................................ 24

*Harris v. Forklift Syst. Inc.*,
510 U.S. 17 (1993) ............................................................................................. 5

*Hawn v. Exec. Jet Mgmt.*,
615 F.3d 1151 (9th Cir. 2010) ........................................................................... 9

*Herried v. Pierce Cty. Public Transp. Benefit Auth*,
90 Wn. App. 468 (Wash. Ct. App. 1998) ......................................................... 5

*Hoffman v. Red Wing Brands of Am., Inc.*,
No. 3:13-cv-0633-LRH-VPC, 2015 U.S. Dist. LEXIS 82741 (D. Nev. June 24, 2015) ............................................................................................................... 18

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) ......................................................................................... 12

*McCaw v. Potter*,
No. 2:04-CV-878-RLH-RJJ, 2006 U.S. Dist. LEXIS 61774 (D. Nev. Aug. 28, 2006) ......................................................................................................... 12, 15

*McKissick v. City of Reno*,
No. 3:17-cv-00458-MMD-CBC, 2019 U.S. Dist. LEXIS 119567 (D. Nev. July 18, 2019) ................................................................................................... 14, 15

*Meritor Sav. Bank, FSB v. Vinson*,
477 U.S. 57 (1986) ....................................................................................... 3, 16

*Mujica v. AirScan Inc.*,
771 F.3d 580 (9th Cir. 2014) ........................................................................... 16

*Nelson v. Nelson*,
99 Nev. 548, 665 P.2d 1141 (1983) ................................................................ 17

*Nickler v. Clark Cty.*,
No. 2:18-cv-01668-JCM-VCF, 2019 U.S. Dist. LEXIS 63951 (D. Nev. Apr. 15, 2019), *affirmed by, in part, reversed by, in part, remanded by* 2020 U.S. App. LEXIS 4720 (9th Cir. Nev., Feb. 12, 2020) ......................................... 17

*Okeke v. Biomat USA, Inc.*,
   927 F. Supp. 2d 1021 (D. Nev. 2013) ................................................................. 16

*Pierson v. Storey Cty.*,
   No. 3:12-cv-00598-MMD-VPC, 2013 U.S. Dist. LEXIS 169272 (D. Nev. Nov.
   27, 2013) ................................................................................................................. 18

*Pitti v. Albertsons, Inc.*,
   No. 2:11-cv-00280-MMD-CWH, 2012 U.S. Dist. LEXIS 73638 (D. Nev. May
   29, 2012) ................................................................................................................. 20

*Ray v. Henderson*,
   217 F.3d 1234 (9th Cir. 2000) ......................................................................... 14, 15

*Reyes v. Sw. Gas Corp.*,
   No. 2:07cv-0068-BES-LRL, 2007 U.S. Dist. LEXIS 57421 (D. Nev. Aug. 2,
   2007) ......................................................................................................................... 1

*Robinson v. Renown Reg'l Med. Ctr.*,
   No. 3:16-cv-00372-MMD-WGC, 2017 U.S. Dist. LEXIS 105937 (D. Nev. July
   10, 2017) ................................................................................................................. 18

*Russo v. Clearwire*,
   2:12-CV-01831-PMP-VCF, 2013 U.S. Dist. LEXIS 61440 (D. Nev. Apr. 30,
   2013) ....................................................................................................................... 17

*Schaefer v. Diamond Resorts Int'l Mktg.*,
   No. 2:14-cv-01900-GMN-CWH, 2015 U.S. Dist. LEXIS 55511 (D. Nev. Apr.
   28, 2015) ................................................................................................................. 17

*Silver State Broad., LLC v. Crown Castle MU, LLC*,
   No. 2:18-cv-00734-GMN-VCF, 2018 U.S. Dist. LEXIS 212160 (D. Nev. Dec.
   17, 2018) ................................................................................ 5, 7, 8, 10, 14, 17, 20, 22

*Star v. Rabello*,
   97 Nev. 124, 625 P.3d 90 (1981) .......................................................................... 17

*Straznicky v. Desert Springs Hosp.*,
   642 F. Supp. 2d 1238 (D. Nev. 2009) ......................................................... 1, 13, 19

*Vasquez v. City of Los Angeles*,
   349 F.3d 634 (9th Cir. 2003) ................................................................................... 4

*Villagrana v. ReconTrust Co., N.A.*,
   3:11-cv-00 652-ECR-WGC (D. Nev. May 22, 2012)............................................ 12

*Walsh v. Nev. Dep't of Human Res.*,
   471 F.3d 1033 (9th Cir. 2006) ................................................... 5, 7, 8, 10, 14, 20

JACKSON LEWIS P.C.
LAS VEGAS

1

**Statutes**

2

42 U.S.C. § 2000e-5(e)(1)...........................................................................................1

3

NRS Ch. § 613 ..........................................................................................................3

4

NRS 613.310 .............................................................................................................17

5

NRS 613.330 .........................................................................................................17, 19

6

**Other Authorities**

7

Fed. R. Civ. P. 8 .....................................................................................................8, 11

8

Fed. R. Civ. P. 12(b)(6)..............................................................................................1

9

Fed. R. Civ. P. 15 ................................................................................................22, 23

10

Fed. R. Civ. P. 15(c) ................................................................................................21

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JACKSON LEWIS P.C.
LAS VEGAS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Plaintiffs' Opposition (ECF No. 136) confuses, conflates, and deflects from the central question this Court will consider: Have Plaintiffs alleged sufficient factual allegations to support the elements of each cause of action for each Plaintiff as a matter of law? The answer is no, despite Plaintiffs having three opportunities to do so. The Second Amended Complaint should be dismissed, once and for all.

## II.      LEGAL ARGUMENT

### A.  Standard of Review.

A court may dismiss a complaint for failure to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a claim to survive a motion to dismiss, a plaintiff must have asserted factual allegations in her complaint to show that a claim to relief is plausible (i.e., more than just possible or conceivable) on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions, formulaic recitations of the elements, conclusory statements, and speculation are insufficient to support a claim. *Iqbal,* 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555.

Moreover, when faced with a motion to dismiss, a plaintiff cannot, as a matter of law, embellish her claims with passionate speculation by introducing new allegations in her Opposition that were not pled in her Complaint. *Straznicky v. Desert Springs Hosp.*, 642 F. Supp. 2d 1238, 1244 (D. Nev. 2009) (holding that a plaintiff's opposition to a motion to dismiss "asserts numerous allegations not contained within the complaint, and thus improper for consideration in deciding the motion to dismiss").

### B.  Plaintiffs Fail to State a Claim for Discrimination and Sexual Harassment.

#### 1.  *Plaintiffs concede they can only seek recovery for timely alleged conduct.*

Plaintiffs must file a charge of discrimination within 300 days after the alleged unlawful employment practice or the claim will be time-barred. 42 U.S.C. § 2000e-5(e)(1); *AMTRAK v. Morgan*, 536 U.S. 101, 105 (2002); *Reyes v. Sw. Gas Corp.*, No. 2:07cv-0068-BES-LRL, 2007 U.S. Dist. LEXIS 57421, at *7-8 (D. Nev. Aug. 2, 2007) (holding that because plaintiff's Title VII claims were time-barred, they "must be dismissed without leave to amend."). WLV argued in its

Motion to Dismiss Plaintiffs' Second Amended Complaint (ECF No. 115) (the "Motion") that the Court should not consider alleged conduct that occurred more than 300 days before each Plaintiff's EEOC intake and provided the timeframe for timely allegations as follows:

| Plaintiff | 300 Days Prior to EEOC Intake |
|---|---|
| Judy Doe 1 | June 7, 2017 |
| Judy Doe 2 | May 18, 2017 |
| Judy Doe 3 | May 13, 2017 |
| Judy Doe 4 | May 13, 2017 |
| Judy Doe 5 | June 14, 2017 |
| Judy Doe 6 | May 13, 2017 |
| Judy Doe 7 | June 6, 2017 |
| Judy Doe 8 | May 13, 2017 |
| Judy Doe 9 | May 17, 2017 |

Importantly, Plaintiffs repeatedly concede they can only seek recovery for alleged conduct taking place within the 300-day statutory period. *See* ECF No. 136 at 11:11-13 (characterizing allegations of Steve Wynn's conduct from 2004-2013 as "background"); *id.* at 12:1-2 ("Plaintiffs are all complaining about conduct that occurred in 2018, and the doctrine of laches does not preclude them from including such background information"). Accordingly, any allegations of conduct taking place 300 days prior to each Plaintiff's respective EEOC intake should be dismissed as untimely, stricken from the pleading, and not considered as part of this action, even as purported "background" information.

### 2. *Plaintiffs fail to assert a theory that would render Steve Wynn's and/or WLV's untimely conduct actionable.*

Not only do Plaintiffs concede that there can be no recovery for alleged conduct taking place prior to the 300-day statutory period, Plaintiffs fail to offer any basis (in fact or in law) that would otherwise resurrect such alleged conduct for purposes of supporting their claims, such as under a continuing violations theory.

Indeed, Plaintiffs fail to refute any of the reasons set forth in WLV's Motion as to why a continuing violations theory would fail on the facts alleged as a matter of law (e.g., because the continuing violations theory is inapplicable to discrete acts including Steve Wynn's alleged conduct; the alleged conduct taking place before and after the applicable statue of limitations period do not constitute one unlawful employment practice; and the Plaintiffs' unreasonable delay in bringing suit on such alleged actions). *See* ECF No. 115 at 7:18-10:11. Rather, Plaintiffs merely

assert that whether the continuing violations theory applies is more appropriate for review on summary judgment[1] – thereby completely abandoning their burden at the pleading stage. *See* ECF No. 136 at 11:24-26.

Plaintiffs' Second Amended Complaint must state a cognizable legal theory or allege sufficient factual support for its legal theories; otherwise, dismissal is appropriate for failing to state a claim. *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016) ("A complaint may be dismissed for failure to state a claim only when it fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories."); *Beckington v. Am. Airlines, Inc.*, No. 18-15648, at *17 (9th Cir. June 10, 2019) ("Dismissal is appropriate when the complaint lacks a 'cognizable legal theory' or sufficient factual allegations to 'support a cognizable legal theory.').

Here, Plaintiffs have not stated that they are pursuing a continuing action theory, they have pointed to no factual allegations in the Second Amended Complaint (ECF No. 106) that would support a continuing action theory, and they have failed to refute WLV's arguments that the facts as alleged cannot support a continuing violations theory as a matter of law.

Because Plaintiffs have failed to meet their burden as required even at this pleading stage, Plaintiffs have provided yet another basis to dismiss their untimely allegations regarding the alleged conduct. Thus, allegations of conduct more than 300 days prior to each Plaintiff's EEOC intake should be dismissed as untimely and not considered as part of this claim.

### 3. Plaintiffs fail to assert the elements of a sexual harassment/hostile work environment claim.

To state a *prima facie* case of hostile work environment harassment under Title VII and NRS Ch. § 613, Plaintiffs bear the burden of showing: (1) they were subjected to unwelcome sexual advances, conduct, or comments; (2) the harassment complained of was based on sex; and (3) the harassment was so severe or pervasive as to alter the conditions of each plaintiff's employment and create an abusive work environment. *See Meritor Sav. Bank, FSB v. Vinson*, 477

---

[1] Contrary to Plaintiffs' conclusory contention, whether the continuing violations theory applies is appropriately decided at this stage. Unless this issue is decided, the scope of this claim will remain unclear and WLV will not have fair notice or be enabled to defend itself effectively. *Caltex Plastics,* 824 F.3d at 1159 ("[T]he complaint 'must [provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.' (internal quotations omitted)). Accordingly, the scope of Plaintiffs' first claim should be decided at the pleading stage.

U.S. 57, 67 (1986); *see also Vasquez v. City of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003), as amended (Jan. 2, 2004).

After removing the alleged conduct that took place outside of the statutory window, the bases for Plaintiffs' claims of a hostile work environment are as follows:

- Receiving a memo from WLV President Maurice Wooden supporting Steve Wynn on January 26, 2018 or other communications of support;[2]
- Attending a January 17, 2018, pre-shift meeting;[3]
- Attending a January 31, 2018, meeting where Steve Wynn and Maurice Wooden spoke;[4]
- Attending a birthday celebration at the Salon on February 1, 2018 where Steve Wynn was present;[5]
- Attending a February 15, 2018, pre-shift meeting;[6]
- Knowing that Steve Wynn continued to receive salon services;[7]
- Attending a March 14, 2018, meeting where Matt Maddox announced he was taking over as Chief Executive Officer of Wynn Resorts, Limited and asked how to help employees;[8]
- Attending interviews with Gibson Dunn investigators regarding sexual harassment allegations or participating in investigative interviews;[9]
- Receiving a March 23, 2018, letter from Patricia Mulroy about the Company's investigative efforts;[10]
- Receiving inquiries from high level executives and Board members regarding workplace experiences;[11]
- Being contacted by Human Resources to discuss their EEOC Charge;[12]
- Learning another employee's phone was examined;[13]

---

[2] ECF No. 106 at ¶ 106 (Judy Doe 1); *id.* at ¶ 141 (Judy Doe 3); *id.* at ¶ 209 (Judy Doe 6); *id.* at ¶ 225 (Judy Doe 7).

[3] ECF No. 106 at ¶ 181 (Judy Doe 5); *id.* at ¶ 209 (Judy Doe 6); *id.* at ¶ 243 (Judy Doe 8).

[4] ECF No. 106 at ¶ 107 (Judy Doe 1); *id.* at ¶ 121 (Judy Doe 2); *id.* at ¶ 141 (Judy Doe 3); *id.* at ¶ 161 (alleging Judy Doe 4 "heard" about the meeting); *id.* at ¶ 182 (Judy Doe 5); *id.* at ¶ 209. (alleging Judy Doe 6 "heard" about the meeting); *id.* at ¶ 225 (alleging Judy Doe 7 "heard" about the meeting); *id.* at ¶ 245 (Judy Doe 8); *id.* at ¶ 262 (alleging Judy Doe 9 heard about the meeting but did not attend).

[5] ECF No. 106 at ¶ 183-84 (alleging Judy Doe 5 was present, witnessed Steve Wynn kiss someone else, and was forced into a group hug); *id.* at ¶ 225 (alleging Judy Doe 7 "heard" about the celebration); *id.* at ¶ 246 (Judy Doe 8); *id.* at ¶ 263 (alleging Judy Doe 9 saw Steve Wynn being "overly-physical" with other employees).

[6] ECF No. 106 at ¶ 107 (Judy Doe 1); *id.* at ¶ 122 (Judy Doe 2).

[7] ECF No. 106 at ¶ 107 (Judy Doe 1); *id.* at ¶ 163 (Judy Doe 4); *id.* at ¶ 226 (Judy Doe 7).

[8] ECF No. 106 at ¶ 107 (Judy Doe 1); *id.* at ¶ 185 (Judy Doe 5).

[9] ECF No. 106 at ¶ 107 (Judy Doe 1); *id.* at ¶ 123 (Judy Doe 2); *id.* at ¶ 162 (Judy Doe 4); *Id.* at ¶ 186-87 (Judy Doe 5); *id.* at ¶ 209 (Judy Doe 6); *id.* at ¶ 229 (Judy Doe 7); *id.* at ¶ 247 (Judy Doe 8); *id.* at ¶ 265 (Judy Doe 9).

[10] ECF No. 106 at ¶ 107 (Judy Doe 1); *id.* at ¶ 228 (Judy Doe 7).

[11] ECF No. 106 at ¶ 141 (Judy Doe 3); *id.* at ¶ 251 (Judy Doe 8).

[12] ECF No. 106 at ¶ 167 (Judy Doe 4); *id.* at ¶ 209 (Judy Doe 6).

[13] ECF No. 106 at ¶ 227 (Judy Doe 7); *id.* at ¶ 264 (Judy Doe 9).

- Handing out cards with the phone numbers for the Massachusetts Gaming and Nevada Gaming representatives.[14]

(the "2018 Conduct").

### a.  Plaintiffs fail to allege that any timely conduct was based on sex.

Plaintiffs wholly failed to assert any factual allegation that any of the 2018 Conduct was based on sex – the second element of a hostile work environment claim. The 2018 Conduct lacks **discriminatory** conduct or **discriminatory** intimidation. *Harris v. Forklift Syst. Inc.,* 510 U.S. 17, 21 (1993) (requiring plaintiffs to show that their "workplace [was] permeated with **discriminatory** intimidation…that [was] sufficiently severe or pervasive to alter the conditions of [their] employment and create an abusive working environment." (emphasis added)); *Candelore v. Clarke Cty. Sanitation Dist.*, 752 F. Supp. 956, 961 (D. Nev. 1990) ("Hostile behavior that does not bespeak an unlawful motive cannot support a hostile work environment claim."); *see Herried v. Pierce Cty. Public Transp. Benefit Auth*, 90 Wn. App. 468, 473 (Wash. Ct. App. 1998) ("An employee's conduct that is hostile and intimidating, without more, is not actionable as sexual harassment.")

Plaintiffs do not allege how the 2018 Conduct was based on sex in the Second Amended Complaint (ECF No. 106). Moreover, they do not explain how the factual allegations contained in the Second Amended Complaint (ECF No. 106) show that the 2018 Conduct was based on sex or was in any way discriminatory in their Opposition (ECF No. 136).

In fact, Plaintiffs did not address this argument at all in their Opposition. Thus, they have effectively conceded that dismissal of this claim is proper. *Silver State Broad., LLC v. Crown Castle MU, LLC,* No. 2:18-cv-00734-GMN-VCF, 2018 U.S. Dist. LEXIS 212160, at *21 (D. Nev. Dec. 17, 2018) ("As a general rule '[b]y failing to address arguments in an opposition, a party effectively concedes a claim, making dismissal proper.'); *Griffin v. City of Lake Elsinore,* No. 2:17-CV-00730-KJD-VCF, 2017 U.S. Dist. LEXIS 101032, at *4 (D. Nev. June 28, 2017*)* ("By failing to address arguments in an opposition, a party effectively concedes a claim, making dismissal proper.") (citing *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006)). Because Plaintiffs have not alleged how any of the timely 2018 Conduct was based on

---

[14] ECF No. 106 at ¶ 264 (Judy Doe 9).

sex, a critical element to a sexual harassment/hostile work environment claim, this claim should be dismissed.

### b. **Plaintiffs fail to allege that any timely alleged conduct was severe or pervasive.**

Plaintiffs did not sufficiently assert that any of the alleged conduct in question was severe or pervasive; and, Plaintiffs conflate (if not, ignore) WLV's arguments regarding the same.

WLV argued that none of the 2018 Conduct was severe or pervasive as alleged because: (1) being required to attend informational meetings and listen to company communications constitute the ordinary tribulations of the workplace; (2) speech and conduct directed at others did not show that *Plaintiffs* were subjected to a hostile work environment; (3) WLV's investigative efforts and remedial allegations cannot support a hostile work environment claim; and (4) the 2018 Conduct would not be perceived as objectively hostile by a reasonable person. *See* ECF No. 115 at 13:5-14:18.

WLV separately argued that in-room guest services for customers (who were not Steve Wynn) were not sufficiently pled because Plaintiffs did not allege: (1) any dates of any bad experiences they may have had while providing in-room services for guests; (2) that they reported any incidents regarding the guests to WLV; and (3) that WLV ratified or acquiesced in the guests' conduct by not taking immediate corrective action when it knew or should have known about the conduct as to each unnamed guest. *Christian v. Umpqua Bank*, 984 F.3d 801, 811 (9th Cir. 2020) (A company can only be held liable for a customer's harassment of its employee if it "either ratifie[d] or acquiesce[d] in the harassment by not taking immediate and/or corrective actions when it knew or should have known of the conduct."); ECF No. 115 at 10:12-24.

Further, WLV argued that as for in-room services Plaintiffs may have provided Steve Wynn, Plaintiffs did not sufficiently allege that those services occurred within the statute of limitations period, and thus, such allegations are barred as untimely. ECF No. 115 at 6:16-7:2 (arguing Judy Doe 1, 3, and 4 alleged conduct involving Steve Wynn well outside of the limitations period); *id.* at 7:3-8 (arguing Judy Doe 2, 5, 6, 7, 8, and 9 were intentionally vague about when they provided Steve Wynn with in-room services); *see id.* at 7:9-17 (arguing that Judy Doe 8 and 9 asserted that services they provided Steve Wynn occurred outside of the limitations period in their Charges).

Plaintiffs conflate these three separate arguments. Specifically, Plaintiffs respond that they were subject to "corporate attacks" in 2018, the in-room services program was only made non-mandatory in July of 2018, Judy Doe 7 was asked to do a "quickie manicure" for Steve Wynn in February of 2018, and Judy Doe 6 provided in-room services to Steve Wynn in 2017. ECF No. 136 at 11:15-24. These arguments are largely non-responsive and distract from the primary issue, namely, whether each Plaintiff asserted sufficient factual allegations to show she experienced severe or pervasive harassment that altered her employment in order to support an actionable hostile work environment claim.

As to WLV's argument that the 2018 Conduct was not severe or pervasive, Plaintiffs only characterize such conduct as "corporate attacks." ECF No. 136 at 11:15. However, this does not address how informational meetings, company communications, conduct directed at others, investigative efforts, and remedial actions constitute objectively severe or pervasive harassment. Plaintiffs do not sufficiently assert factual allegations that the 2018 Conduct is severe or pervasive harassment and, despite WLV's arguments that this conduct cannot be severe or pervasive harassment as a matter of law, Plaintiffs do not address these arguments in their Opposition. Thus, Plaintiffs effectively conceded they failed to plead severe and pervasive conduct to establish a hostile work environment. *Silver State Broad.*, 2018 U.S. Dist. LEXIS 212160, at *21; *Griffin,* 2017 U.S. Dist. LEXIS 101032, at *4 (citing *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006)).

As to WLV's argument that Plaintiffs have not asserted the essential elements of a customer harassment claim regarding in-room services for persons other than Steve Wynn, Plaintiffs only assert that these allegations are timely because the mandatory in-room program did not end until July 2018. However, Plaintiffs continue to ignore the necessary elements of the claim (*i.e.,* whether WLV either ratified or acquiesced in the harassment by not taking immediate and/or corrective actions when it knew or should have known of the undated conduct as to each unnamed guest), which were not alleged in the Second Amended Complaint (ECF No. 106) and which continue to be left unaddressed in the Opposition (ECF No. 136). Thus, Plaintiffs have conceded they failed to sufficiently plead a claim based on in-room services. *Silver State Broad.*, 2018 U.S. Dist. LEXIS 212160, at *21; *Griffin,* 2017 U.S. Dist. LEXIS 101032, at *4 (citing

*Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006)).

Finally, as to WLV's argument that Plaintiffs' allegations regarding providing Steve Wynn with in-room services were untimely, Plaintiffs' only assert that Judy Doe 7 was asked to do a "quickie manicure" for Steve Wynn in February of 2018 and Judy Doe 6 provided in-room services to Steve Wynn in 2017. First, allegations regarding Steve Wynn's in-room services by Judy Doe 7 and Judy Doe 6 cannot support the claims of Judy Does 1, 2, 3, 4, 5, 8, and 9, which were not addressed and therefore conceded. *Silver State Broad.*, 2018 U.S. Dist. LEXIS 212160, at *21; *Griffin,* 2017 U.S. Dist. LEXIS 101032, at *4 (citing *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006)); *see also* ECF No. 81 at ¶ 9:14-17 (finding that each plaintiff must appropriately plead individual acts of sexual harassment to comply with Fed. R. Civ. P. 8).

Second, Judy Doe 7 does not allege that any harassment occurred after she was "asked" to do a "quickie manicure" for Steve Wynn; in fact, she does not even allege she actually provided a manicure to Steve Wynn. *See* ECF No. 106 at ¶ 226. Thus, Judy Doe 7 has failed to allege that any timely harassment by Steve Wynn and/or WLV occurred, much less that severe or pervasive harassment took place within her statute of limitations time period.

Third, Judy Doe 6 does not allege that she provided Steve Wynn with in-room services during her applicable statute of limitations period. To be timely on its face, Judy Doe 6 must allege that the harassment occurred after May 13, 2017, but in the Second Amended Complaint (ECF No. 106), she only vaguely alleges that she provided Steve Wynn with in-room services at some unknown time "in 2017" in an apparent ploy to circumvent the issue of the untimeliness of her allegations. *See* ECF No. 106 at ¶ 206.

Accordingly, allegations concerning Plaintiffs providing in-room services to Steve Wynn should be dismissed and not considered a part of this claim where: (1) the allegations are untimely and Plaintiffs have conceded that they were untimely as to Judy Does 1, 2, 3, 4, 5, 8, and 9 and (2) Judy Does 6 and 7 do not allege that they were subjected to harassment within their respective statute of limitations periods.

In sum, Plaintiffs have not alleged factual allegations in the Second Amended Complaint (ECF No. 106) and have not explained in their Opposition (ECF No. 136) how the timely alleged

conduct constitutes severe or pervasive harassment. Because Plaintiffs have not asserted factual allegations to establish that the timely alleged conduct constitutes severe or pervasive harassment, the third necessary element of a sexual harassment/hostile work environment claim, this claim should be dismissed.

### 4. To the extent Plaintiffs are asserting a disparate treatment theory of sex discrimination, they fail to assert the essential elements.

Despite specifying in the title of the first claim that Plaintiffs are seeking to recover under a sexual harassment theory, Plaintiffs now appear to be vaguely asserting a disparate treatment theory. *Compare* ECF No. 106 at 46:8-10 ("FIRST CLAIM FOR RELIEF Discrimination Based on Sex in Violation of State and Federal Statutes **Sexual Harassment**" (formatting omitted and emphasis added)) *with* ECF No. 136 at 9:28-10:3 (conflating the elements of a disparate treatment claim and hostile work environment claim) *and* ECF No. 136 at 12:3 (referencing Plaintiffs' first claim as one for "discrimination, harassment, and hostile work environment").

To the extent Plaintiffs are asserting a disparate treatment claim based on sex, they have not pled the essential elements to support that claim. To establish a disparate treatment claim, each Plaintiff "must plead facts that show: (1) she is a member of a protected class; (2) she was qualified for her position and performing her job satisfactorily; (3) she experienced an adverse employment action; and (4) 'similarly situated individuals outside [her] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination.'" *Cellemme v. Sessions*, No. 2:16-cv-02539-JAD-CWH, 2017 U.S. Dist. LEXIS 139455, at *5 (D. Nev. Aug. 29, 2017) (quoting *Hawn v. Exec. Jet Mgmt.*, 615 F.3d 1151, 1156 (9th Cir. 2010).

As to the last element, Plaintiffs must allege facts regarding who the comparators were, how they were similarly situated to Plaintiffs, and what more-favorable treatment they received. *Cellemme,* No. 2:16-cv-02539-JAD-CWH, 2017 U.S. Dist. LEXIS 139455, at *5.

Here, Plaintiffs have not alleged that other similarly situated individuals outside of their protected class were treated more favorably nor did they identify who the comparators were, how they were similarly situated to Plaintiffs, what more-favorable treatment they received or any other circumstances surrounding the adverse employment action giving rise to an inference of discrimination. Thus, to the extent Plaintiffs are seeking to assert a disparate treatment claim, it

should be dismissed for failing to allege the fourth element.

### 5. Plaintiffs' First Cause of Action for Discrimination Based on Sex Should be Dismissed.

Plaintiffs have failed to assert factual allegations to support the critical elements of a sexual harassment/hostile work environment claim or a disparate treatment claim. Specifically, Plaintiffs have failed to assert any timely severe or pervasive harassment based on sex that could support a cause of action for sexual harassment or hostile work environment under any theory using the facts as alleged. Moreover, to the extent Plaintiffs are seeking to assert a disparate treatment claim, they have failed to sufficiently assert allegations regarding similarly situated individuals. Thus, this claim should be dismissed as to all Plaintiffs.

### C. Plaintiffs' Second Claim for Retaliation Fails to State a Claim Upon Which Relief May Be Granted.

In an attempt to save Plaintiffs' second cause of action for retaliation, Plaintiffs improperly conflate themselves and the allegedly adverse actions taken against them. To assert a claim for retaliation, each Plaintiff must plead: (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) there is a causal link between the protected activity and the adverse employment action. *See Dawson v. Entek*, 630 F.3d 928, 936 (9th Cir. 2011).

### 1. Plaintiffs' have not alleged adverse actions.

Plaintiffs now specify that they are asserting as the allegedly adverse actions only:

- Two town hall meetings conducted on March 14, 2018 and May 8, 2018;
- Interviews with Gibson Dunn investigators;
- Salon visits from executive, attorney and Board members, where some questioned Salon employees about their experiences; and
- HR asked some of the plaintiffs about their EEOC filings.

ECF No. 136 at 12:24-13:1. Thus, they have waived any other allegedly adverse action from this claim and conceded that failing to craft a remedial mechanism to compensate Plaintiffs and possible surveillance employees are not adverse actions sufficient to support this claim. *See* ECF No. 115 at 17:26-19:4; *Silver State Broad.*, 2018 U.S. Dist. LEXIS 212160, at *21; *Griffin,* 2017 U.S. Dist. LEXIS 101032, at *4 (citing *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006)).

However, these allegedly adverse actions did not occur to all employees. **Only** Judy Doe

1[15] specifically alleges that she attended the town hall meeting on March 14, 2018[16] and **no** Plaintiff specifically alleges that they attended the May 8, 2018 town hall meeting. *See, e.g.,* ECF No. 106 at ¶ 107 (alleging Judy Doe 1 attended the March 14, 2018 meeting); *see also, e.g., id.* at ¶ 62 (alleging Wynn Resorts conducted a meeting with "Salon employees"); *see also, e.g., id.* at ¶ 321 (alleging only that Defendants "allowed" a town hall meeting on May 8, 2018). Further, Judy Doe 3 did **not** allege that she was interviewed by Gibson Dunn investigators. *Id.* at ¶¶ 134-150. **Only** Judy Doe 3 and Judy Doe 8 allege that they were asked questions by high level executives and/or Board members regarding their experiences in the Wynn workplace. *Id.* at ¶¶ 141, 251.

Finally, **only** Judy Doe 4 and Judy Doe 6 allege that HR asked them questions about their EEOC filings, and although Judy Doe 4 and Judy Doe 6 allege they feared retaliation, neither specifically alleges that HR contacting them was in and of itself retaliatory. *Id.* at ¶ 167 (alleging that HR contacted Judy Doe 4 to interview her about her EEOC charge but that Judy Doe 4 did not want to share that information because she feared retaliation); *id.* at ¶ 212 (alleging HR contacted Judy Doe 6 to go over her EEOC charge but that Judy Doe 6 was frightened to talk to HR because she believed she would lose her job).

Plaintiffs argue the Opposition as if what happens to one Plaintiff happens to all of them. However, collective pleading is not permissible, and each Plaintiff must establish her own claim by asserting individualized acts to show that she, individually, is entitled to relief. *See Bautista v. L.A. Cty.,* 216 F.3d 837 (9th Cir. 2000) (standing for the proposition that where multiple plaintiffs bring individual claims in one lawsuit, the complaint must specify individualized acts giving rise to each plaintiffs' dispute in order to comply with Rule 8). Thus, Plaintiffs cannot group all of the allegedly adverse actions to establish a retaliatory hostile environment as to all Plaintiffs.

### a. **Town Hall Meetings**

Even if each Plaintiff specifically alleged that they attended the town hall meetings on March 14, 2018, and May 8, 2018, the town hall meetings cannot be adverse actions. The Second

---

[15] Judy Doe 1 cannot assert that attending the March 14, 2018 town hall meeting was retaliatory to her because she did not file her EEOC intake, the alleged protected activity, until April 3, 2018. *See* ECF No. 115 at 5; *id.* at Ex. A.

[16] Although Judy Doe 5 alleges that she was "forced to attend a meeting on or around March 14, 2018 where she spoke to counsel who introduced himself as a 'Wynn attorney,'" ECF No. 106 at ¶ 186, this does not appear to be a reference to the March 14, 2018 town hall meeting.

Amended Complaint states that Wynn Resorts called a meeting with Salon employees on or around March 14, 2018, which was conducted by Matt Maddox who said he was "taking over" and asked, "How can we help you?" ECF No. 106 at ¶ 55. It further states that on or around May 8, 2018, Wynn Resorts conducted another meeting with Salon employees featuring Matt Maddox. *Id.* at ¶ 62. In both instances, the Second Amended Complaint alleges, Salon employees felt uncomfortable or uneasy based on their perceptions. *Id.* at ¶¶ 55, 62.

As discussed in WLV's Motion to Dismiss (ECF No. 115), these town hall meetings are insufficient to establish an adverse action because: (1) required work meetings, "bruised egos," and public humiliation cannot be adverse employment actions, (2) no severe or pervasive conduct occurred, and (3) the meetings were held to address reasonable and legitimate employment concerns. *See* ECF No. 115 at 16:5-26; *see also McCaw v. Potter*, No. 2:04-CV-878-RLH-RJJ, 2006 U.S. Dist. LEXIS 61774, at *18-20 (D. Nev. Aug. 28, 2006).[17]

In response, Plaintiffs confuse and conflate several meetings. For example, to differentiate from *McCaw,* Plaintiffs refer to "pressure from Wynn Defendants not to speak to the media about any complaints they have" (which allegedly occurred at the January 17, 2018 pre-shift meeting) "after earlier being ridiculed by their harasser" (which allegedly occurred at the January 31, 2018 Wynn Country Club meeting) and "to only speak to corporate enablers such as Matt Maddox and the Wynn Resorts Board of Directors" (which is not alleged to have occurred at the March 14, 2018 or May 8, 2018 town hall meetings). *Compare* ECF No. 136 at 13:8-17 *with* ECF No. 106 at ¶ 33 ("At this January 17, 2018 pre-shift meeting, Wynn Resorts President Maurice Wooden emphasized that nobody should talk to reporters."), *id.* at ¶ 182 (alleging that Steve Wynn was allowed to ridicule his employees) *and id.* at ¶ 55, 62 (descriptions of the town hall meetings).

Importantly, the January 17, 2018, pre-shift meeting and January 31, 2018, Wynn Country Club meeting pre-date any protected activity the Plaintiffs may have engaged in and cannot

---

[17] Although Plaintiffs take issue with the fact that *McCaw* was decided on summary judgment, it may still be considered. *See Villagrana v. ReconTrust Co., N.A.*, 3:11-cv-00 652-ECR-WGC, at *18 (D. Nev. May 22, 2012) (finding that unpublished district court opinions may be considered for their persuasive authority). Plaintiffs do not cite to any legal authority holding otherwise. Indeed, the facts required to establish a claim as a matter of law do not change at the motion to dismiss or motion for summary judgment stage; rather, only "the manner and degree of evidence required at the successive stages of the litigation" changes. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (discussing the requirements to prove the elements of standing at each stage of litigation as similar to those imposed at the motion to dismiss and motion for summary judgment stages).

support a retaliation claim. *See* ECF No. 115 at 5 (showing the dates of each Plaintiff's EEOC intake beginning in March 2018).

To the extent Plaintiffs are now attempting to allege that the alleged statements and circumstances from the January 17, 2018, pre-shift meeting and January 31, 2018, Wynn Country Club meeting recurred at the March 14, 2018, or May 8, 2018, town hall meetings in their Opposition (ECF No. 136), Plaintiffs may not embellish their claims by introducing new allegations in their Opposition that were not pled in their Complaint. *Straznicky v. Desert Springs Hosp.*, 642 F. Supp. 2d 1238, 1244 (D. Nev. 2009) (holding that a plaintiff's opposition to a motion to dismiss "asserts numerous allegations not contained within the complaint, and thus improper for consideration in deciding the motion to dismiss").

In sum, Plaintiffs have not alleged or shown that the March 14, 2018, or May 8, 2018, town hall meetings could have been a retaliatory adverse action as to Judy Doe 1 (the only Plaintiff alleging she attended the March 14, 2018, meeting) or any other Plaintiff (who have not specifically alleged they attended either meeting). Thus, the March 14, 2018, or May 8, 2018, town hall meetings should not be considered as part of this claim as to any Plaintiff.

### b.  Investigative Activities

WLV previously addressed in its Motion (ECF No. 115) that investigative activities (such as interviews with Gibson Dunn investigators, requests by HR to interview some of the Plaintiffs following their initial intake with the EEOC, and salon visits from management who asked questions of some of the Plaintiffs' about their experiences) cannot be adverse employment actions because: (1) employers have an obligation to take prompt corrective action reasonably calculated to end discriminatory harassment, which, as here, can include investigations and (2) the Plaintiffs' decisions to report discriminatory behavior do not shield them from the minor inconveniences they could expect to endure in the context of a sexual harassment investigation. ECF No. 115 at 17:12-25.

Without citation, Plaintiffs now argue that the interviews with attorneys were not a part of an investigation into Plaintiffs' Charges but a way to scare Plaintiffs from speaking out and that

the interviews should be viewed in light of a "reasonable victim standard."[18] However, these arguments cannot save their claims.

Plaintiffs themselves allege that Director and Special Committee member Pat Mulroy requested that Salon employees report any information regarding sexual harassment allegations at the Wynn to the Special Committee's investigators at the law firm of Gibson Dunn & Crutcher. ECF No. 106 at ¶¶ 56-57. Investigations need not be only in response to Charges of Discrimination but can be in response to any harassment complaint. *See, e.g., Swenson*, 271 F.3d 1184 (9ᵗʰ Cir. 2001).

Even from a "reasonable victim standard," the investigative activities cannot be adverse actions. An employer's handling of an investigation into sexual harassment complaints is unlikely to discourage a reasonable victim of discrimination from complaining to the EEOC, the courts, or their employers. *See, e.g., McKissick v. City of Reno,* No. 3:17-cv-00458-MMD-CBC, 2019 U.S. Dist. LEXIS 119567, at *32-34 (D. Nev. July 18, 2019). Indeed, as alleged, these investigative activities cannot be adverse actions because rather than "deter[ing] the charging party or others from engaging in a protected activity," Plaintiffs were *encouraged* to participate in protected activities when they were asked to report harassment to WLV and were provided with multiple avenues to do so (i.e., the Gibson Dunn investigators, HR, or management). *See Ray*, 217 F.3d at 1244.

Further, allowing Plaintiffs to assert a retaliation claim based on Defendants' investigative activities is contrary to the law and public policy. "In fact, accepting Plaintiffs' reliance on the handling of the investigations to establish adverse employment action would erode the policy reason for encouraging employers to investigate complaints for fear that an investigation would lead to a claim of retaliation based on an inadequate investigation." *McKissick*, No. 3:17-cv-00458-MMD-CBC, 2019 U.S. Dist. LEXIS 119567, at *34. Thus, the investigative activities should not be considered as part of this claim as to any Plaintiff.

---

[18] Plaintiffs appear to ignore WLV's arguments stating that HR reaching out to Plaintiffs (which only specifically Judy Doe 4 and Judy Doe 6 allege occurred to them) cannot be an adverse employment action and that management visiting the salon and asking questions about Plaintiffs' experiences (which only specifically Judy Doe 3 and Judy Doe 8 allege occurred to them) cannot be an adverse employment action. Thus, they have conceded these arguments. *Silver State Broad.*, 2018 U.S. Dist. LEXIS 212160, at *21; *Griffin,* 2017 U.S. Dist. LEXIS 101032, at *4 (citing *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006)).

### c. **Retaliatory Hostile Environment**

Plaintiffs admit in their Opposition that the town hall meetings and investigative activities were "small events" but argue that they should be entitled to present evidence to show that they "cumulatively created a retaliatory hostile environment." ECF No. 136 at ¶ 14:4-6. However, harassment as retaliation for engaging in a protected activity is only actionable if it is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. *See Ray v. Henderson*, 217 F.3d 1234, 1245 (9th Cir. 2000). Here, Plaintiffs have not alleged or shown how town hall meetings or the investigative activities were severe or pervasive harassment nor have they alleged that each event occurred to each Plaintiff.

Specifically, the town hall meetings have little, if any, bearing on whether each Plaintiff was subjected to a retaliatory hostile work environment. Indeed, only Judy Doe 1 specifically alleges she attended the March 14, 2018, town hall meeting, but she cannot rely on the March 14, 2018, town hall meeting to support her claim of retaliation when she did not allegedly engage in a protective activity until *after* the meeting. See ECF No. 115 at 5 (showing Judy Doe 1 filed her EEOC intake on April 3, 2018).

Moreover, none of the Plaintiffs have specifically alleged they attended the May 8, 2018, town hall meeting. Even if they had, town hall meetings addressing WLV's reasonable and legitimate employment concerns cannot constitute severe or pervasive harassment. *McCaw,* 2:04-CV-878-RLH-RJJ, 2006 U.S. Dist. LEXIS 61774, at *19-20. As alleged, WLV held the town hall meetings for all WLV employees for reasonable and legitimate employment purposes (i.e., to introduce Mr. Maddox and address employee concerns in the wake of Steve Wynn's publicized departure from Wynn Resorts, Limited.) *See* ECF No. 106 at ¶ 55 ("Mr. Maddox said he was 'taking over.' He asked, 'How can we help you.'").

Similarly, as explained above, Plaintiffs do not allege that each investigative activity was experienced by each Plaintiff. Even if Plaintiffs had sufficiently alleged that each investigative activity was experienced by each Plaintiff, WLV's investigative activities as alleged cannot support a retaliation claim as a matter of law and public policy. *See McKissick*, No. 3:17-cv-00458-MMD-CBC, 2019 U.S. Dist. LEXIS 119567, at *34.

Moreover, Plaintiffs have not alleged and have not shown how the town hall meetings and

1    investigative activities (in any combination as experienced by each Plaintiff) constitutes severe

2    and pervasive harassment. Rather, they are merely isolated incidents insufficient to satisfy the

3    "severe or pervasive" element of this claim. *See Faragher*, 524 U.S. at 788; *see also Meritor Sav.*

4    *Bank v. Vinson,* 477 U.S. 57, 67 (1986).

5    Finally, although Plaintiffs argue that this claim should not be dismissed at the pleading

6    stage because they should be entitled to present facts and evidence to support it, ECF No. 136 at

7    14:4-6, Plaintiffs are not excused from sufficiently asserting plausible claims at this stage and

8    may not use discovery as a fishing expedition to find conduct to support a claim improperly pled.

9    *Gonzalez v. Diamond Resorts Int'l Mktg.*, No. 2:18-cv-00979-APG-NJK, 2020 U.S. Dist. LEXIS

10   152523, at *12 (D. Nev. Aug. 21, 2020) ("Litigants must generally possess the requisite basis to

11   bring claims in federal court without the aid of the discovery process; the discovery process is a

12   mechanism to collect evidence on existing claims that are sufficiently pled and is not a

13   mechanism to develop a basis on which to bring claims.") (citing *Mujica v. AirScan Inc.*, 771 F.3d

14   580, 593 (9th Cir. 2014)).

15   In sum, Plaintiffs have failed to allege that they suffered any adverse action or experienced

16   a retaliatory hostile work environment. Accordingly, the retaliation claim should be dismissed as

17   to all Plaintiffs.

**D.  Plaintiffs' Third Claim for Relief for Negligent Hiring, Training, Supervision, and Retention Fails to State A Claim Upon Which Relief May Be Granted.**

18   To establish a claim for negligent hiring, training, supervision, and retention, a plaintiff

19   must establish: (1) defendant owed a duty of care to the plaintiff; (2) defendant breached that duty

20   by hiring, retaining, training, and/or supervising an employee even though defendant knew or

21   should have known of the employee's dangerous propensities; (3) the breach caused the plaintiff's

22   injuries; and, (4) damages. *Okeke v. Biomat USA, Inc.*, 927 F. Supp. 2d 1021, 1028 (D. Nev.

23   2013).

24   As WLV previously explained, Plaintiffs did not plead any harm that is specific to any

25   individual Plaintiff. *See* ECF No. 115 at 22:5-11. Despite Plaintiffs' attempts to distract from their

26   burden with an irrelevant Massachusetts Gaming Commission Decision (which makes no mention

27   of Plaintiffs or any decision regarding WLV), insufficiently pled, vague and undated references to

28   in-room services for other guests, and alleged conduct by Steve Wynn and others outside of the

1  statute of limitations period,[19] Plaintiffs have failed to allege the fourth element of this claim.[20]

2  Thus, this claim should be dismissed.[21]

3  **E.  Plaintiffs' Fourth Claim for Relief for Intentional Infliction of Emotional Distress ("IIED") Fails to State A Claim Upon Which Relief May Be Granted.**

4        To state a claim for IIED, a plaintiff must allege *facts* showing: (1) defendant's conduct

5  was extreme and outrageous; (2) defendant either intended or recklessly disregarded the causing

6  of emotional distress; (3) plaintiff actually suffered severe or extreme emotional distress; and, (4)

7  defendant's conduct actually or proximately caused the distress. *Star v. Rabello*, 97 Nev. 124, 125,

8  625 P.3d 90, 92 (1981); *Nelson v. Nelson*, 99 Nev. 548, 555, 665 P.2d 1141, 1145 (1983). In

9  addition to these individualized requirements, a "plaintiff is required to demonstrate that he or she

10 has suffered some physical manifestation of emotional distress in order to support an award of

11 emotional damages." *Russo v. Clearwire*, 2:12-CV-01831-PMP-VCF, 2013 U.S. Dist. LEXIS

12 61440, at *4 (D. Nev. Apr. 30, 2013) (citation omitted).

13       Here, Plaintiffs fail to sufficiently plead two essential elements. Plaintiffs fail to allege

14 extreme and outrageous conduct and fail to allege each Plaintiff suffered a physical manifestation

15 of severe or extreme emotional distress.[22]

16       WLV argued that Plaintiffs have not pled extreme and outrageous conduct because they

17 have not pled facts sufficient to meet such a high standard by only asserting conduct taken during

---

18 [19] Plaintiffs merely repeat their untimely allegations regarding Steve Wynn's conduct in the Opposition. *See* ECF No.

19 136 at 14:21-15:7. Despite WLV's argument that these allegations are untimely and should not be considered, Plaintiffs failed to address the argument and thereby concede it. *Silver State Broad.*, 2018 U.S. Dist. LEXIS 212160,

20 at *21. Plaintiffs have asserted no theory that would make these allegations actionable and the continuing violations theory is unavailable for tort claims. "[T]he State of Nevada does not have any mandatory case law pertaining to the continuing violation doctrine. Indeed, the Nevada Supreme Court has regularly avoided addressing the issue, even

21 when litigants before the tribunal have invoked the doctrine." *Nickler v. Clark Cty.*, No. 2:18-cv-01668-JCM-VCF, 2019 U.S. Dist. LEXIS 63951, at *11-12 (D. Nev. Apr. 15, 2019), *affirmed by, in part, reversed by, in part,*

22 *remanded by* 2020 U.S. App. LEXIS 4720 (9th Cir. Nev., Feb. 12, 2020). As a result, "the Nevada Supreme Court has effectively rendered the continuing violation doctrine inapplicable to state torts by consistently declining to create

23 authority pertaining to the doctrine." *Id.*

[20] It goes without saying that by failing to allege damages specific to each Plaintiff, Plaintiffs have also failed to

24 allege how such unidentified damages were caused. Thus, Plaintiffs also failed to plead the third element of this claim.

25 [21] The Court may also dismiss this claim on alternate grounds, i.e., because it is preempted by NRS 613.310. Although Plaintiffs take issue with some of WLV's citations regarding this argument, they say nothing about

26 *Schaefer v. Diamond Resorts Int'l Mktg.*, No. 2:14-cv-01900-GMN-CWH, 2015 U.S. Dist. LEXIS 55511, at *17-18 (D. Nev. Apr. 28, 2015) in which this Court held that NRS § 613.330 et seq. "provides the **exclusive remedy for tort**

27 **claims** premised on illegal employment practices" when discussing an IIED claim. (Emphasis added).

[22] In addition, Plaintiffs fail to allege how the allegations at ECF No. 106 at ¶ 363 are sufficient to show the requisite

28 intent element. *See* ECF No. 136 at 17:25-18:2.

the normal course of the employment relationship and/or untimely conduct. ECF No. 115 at 26:6-28:11; *Pierson v. Storey Cty.*, No. 3:12-cv-00598-MMD-VPC, 2013 U.S. Dist. LEXIS 169272, at *13 (D. Nev. Nov. 27, 2013) (stating the statute of limitations for IIED claims is 2 years); *Robinson v. Renown Reg'l Med. Ctr.*, No. 3:16-cv-00372-MMD-WGC, 2017 U.S. Dist. LEXIS 105937, at *8 (D. Nev. July 10, 2017) (dismissing an IIED claim after concluding that "[w]hile illegal discrimination is offensive conduct, the claim for intentional infliction of emotional distress requires more than conduct taken during the normal course of the employment relationship."); *Hoffman v. Red Wing Brands of Am., Inc.*, No. 3:13-cv-0633-LRH-VPC, 2015 U.S. Dist. LEXIS 82741, at *38 (D. Nev. June 24, 2015) (evidence that a supervisor engaged in sexual acts with another female employee and faced prior sexual harassment allegations was not evidence that supervisor engaged in extreme and outrageous conduct toward plaintiff).

In response, Plaintiffs simply re-list the untimely alleged conduct regarding Steve Wynn and conduct taken during the normal course of the employment relationship without explaining why the untimely allegations should be considered and without any citation or explanation as to how any of the conduct could be considered extreme or outrageous. *See* ECF No. 136 at 17:15-24. Thus, Plaintiffs have not sufficiently pled facts showing extreme and outrageous conduct and did not address (and have therefore conceded) that the conduct as alleged is untimely and/or does not qualify as extreme and outrageous conduct.[23] Accordingly, this claim should be dismissed for failing to sufficiently plead the third element.

Moreover, WLV argued that Plaintiffs have not sufficiently alleged that they suffered a physical manifestation of severe or extreme emotional distress because they only allege that they suffered "increased anxiety, a generalized heightened fear of going to work, and panic" – all emotions. ECF No. 115 at 29:8-19. In response, Plaintiffs point to ECF No. 106 at ¶ 161 where Judy Doe 4 alleges she felt "sick" when she heard about (but did not attend) the January 31, 2018,

---

[23] Plaintiffs attempt to avoid their burden by asserting that a factfinder should decide whether extreme or outrageous conduct occurred, ECF No. 136 at 19:26-27; however, Plaintiffs are not excused from sufficiently asserting claims at this stage. *Gonzalez v. Diamond Resorts Int'l Mktg.*, No. 2:18-cv-00979-APG-NJK, 2020 U.S. Dist. LEXIS 152523, at *12 (D. Nev. Aug. 21, 2020) ("Litigants must generally possess the requisite basis to bring claims in federal court without the aid of the discovery process; the discovery process is a mechanism to collect evidence on existing claims that are sufficiently pled and is not a mechanism to develop a basis on which to bring claims.").

1  Country Club meeting, argue that Plaintiffs felt afraid and panic (emotions),[24] and were filmed
2  (which is neither an emotion nor a physical manifestation of emotional distress). ECF No. 136 at
3  18:7-16. Even though Judy Doe 4 alleges she "felt sick" at one point in time, this is not sufficient
4  to establish physical manifestation of severe or extreme emotional distress. *See, e.g., Gilchrist v.*
5  *Jim Slemons Imports, Inc.,* 803 F.2d 1488, 1499 (9th Cir. 1986) (finding that a plaintiff did not
6  suffer severe emotional distress when he felt terrible and almost sick without any allegation of
7  headaches, nausea, insomnia or similar symptoms and the distress was not enduring under
8  California law). Even if Judy Doe 4 sufficiently alleged a physical manifestation of emotional
9  distress, Judy Doe 4's allegation cannot support a cause of action for any other Plaintiff, none of
10  whom specifically allege any physical manifestation of emotional distress. *Bautista v. L.A. Cty.,*
11  216 F.3d 837 (9th Cir. 2000). Thus, this claim should be dismissed as to all Plaintiffs for failing to
12  sufficiently allege the fourth element.[25]

13       Plaintiffs' smoke, mirrors, and mischaracterizations of WLV's arguments cannot distract
14  from the main issue: Plaintiffs have failed to sufficiently allege the third and fourth elements of an
15  IIED claim. They have not met their burden. Thus, this claim should be dismissed.

16  **F.  Plaintiffs' Fifth Claim for False Imprisonment Fails to State A Claim Upon Which Relief May Be Granted.**

17       ***1.  Allegations regarding meetings and interviews should be dismissed as to this claim.***

18       Plaintiffs (with the exception of Judy Doe 7) alleged that they were required to attend one
19  or more meetings and report to a room for an interview in support of their false imprisonment
20  claim. *See* ECF No. 106 at ¶ 376. However, Plaintiffs did not plead that they were actually
21  confined, physically forced, or threatened with force to attend the meetings or interviews. *See*
22  ECF No. 31:16-23.

---

[24] Although Plaintiffs now embellish the allegation by stating that they had panic "episodes" to try to allege a physical manifestation of emotional distress, the word "episode" does not appear in the Second Amended Complaint (ECF No. 106) nor does the phrase "panic episode" imply that the emotion ever physically manifested. *See Straznicky v. Desert Springs Hosp.*, 642 F. Supp. 2d 1238, 1244 (D. Nev. 2009).

[25] As an alternate basis, the Court may dismiss this claim as preempted under NRS 613.330. *See* Footnote 23. In addition, the Court may dismiss this claim as preempted by NIIA because Plaintiffs allege that Steve Wynn's misconduct and WLV's actions and inactions occurred in the context of Plaintiffs' employment while they were acting in the course and scope of their employment. *See* ECF No. 115 at 23:24-25:1. Plaintiffs' arguments to the contrary are irrelevant because they do not allege that their employer "deliberately and specifically" intended to injure them (which would be an exception to NIIA preemption under *Conway v. Circus Circus Casinos, Inc.*, 116 Nev. 870 (Nev. 2001)) nor do they argue the correct standard (instead arguing a "normal job duties" standard).

Moreover, Plaintiffs did not address this argument in the Opposition. ECF No. 136. Thus, Plaintiffs have conceded they failed to sufficiently plead and will not be able to maintain a false imprisonment claim based on such meetings or interviews. *Silver State Broad., LLC v. Crown Castle MU, LLC*, No. 2:18-cv-00734-GMN-VCF, 2018 U.S. Dist. LEXIS 212160, at *21 (D. Nev. Dec. 17, 2018) ("As a general rule '[b]y failing to address arguments in an opposition, a party effectively concedes a claim, making dismissal proper.'); *Griffin v. City of Lake Elsinore,* No. 2:17-CV-00730-KJD-VCF, 2017 U.S. Dist. LEXIS 101032, at *4 (D. Nev. June 28, 2017*)* ("By failing to address arguments in an opposition, a party effectively concedes a claim, making dismissal proper.") (citing *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006)). Accordingly, this claim should be dismissed as to these allegations.

### 2. *Plaintiffs fail to state a claim for false imprisonment regarding the January 31, 2018 meeting.*

Plaintiffs also allege that Judy Doe 1, 2, 3, 5, and 8 were summoned to a mandatory meeting on January 31, 2018; however, they failed to allege that they were actually confined by any threat or use of force. ECF No. 115 at 30:4-31:15. Plaintiffs reiterate that they "believed they were not allowed to leave" and "felt physically unable to leave" in their Opposition; however, they again do not identify any paragraph in the Second Amended Complaint where they assert they were _actually_ confined, a necessary element to state a false imprisonment claim. ECF No. 136 at 20:2-14; *Pitti v. Albertsons, Inc.*, No. 2:11-cv-00280-MMD-CWH, 2012 U.S. Dist. LEXIS 73638, at *10-11 (D. Nev. May 29, 2012).

No matter how many times Plaintiffs restate high-level personnel stood along the perimeter of the room, they have not stated that such personnel blocked the exits, that Plaintiffs were compelled to stay in the room by threat or use of force, or that Plaintiffs could not leave the room. Because Plaintiffs fail to plead the necessary elements for a false imprisonment claim regarding the January 31, 2018 meeting, the claim should be dismissed as to these allegations.[26]

### 3. *Allowing amendment of Plaintiffs' False Imprisonment Claim would be futile.*

In addition, Plaintiffs' false imprisonment claims are untimely because they were not

---

[26] Although Plaintiffs again take issue with WLV's citations to support its argument to the extent the decisions were not decided at the pleading stage, the facts required to establish a claim as a matter of law do not change at the motion to dismiss or motion for summary judgment stage. See footnote 17.

asserted within the two-year statute of limitations period. ECF No. 115 at 29:21-30:3. Plaintiffs argue that the underlying predicate facts were asserted in the First Amended Complaint and they are thus entitled to "relate back" pursuant to Fed. R. Civ. P. 15(c). The relation back doctrine allows an amendment to a pleading to "relate back" to the date of the original pleading (and thus use that date for statute of limitations purposes), when the amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *See* Fed. R. Civ. P. 15(c). "Claims arise out of the same conduct, transaction, or occurrence if they 'share a common core of operative facts' such that the plaintiff will rely on the same evidence to prove each claim." *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008) (internal citations omitted). As Plaintiffs point out, the emphasis is on "whether the specified conduct of the defendant, upon which the plaintiff is relying to enforce his amended claim, is identifiable with the original claim." *In re Dean*, 11 B.R. 542, 545 (B.A.P. 9th Cir. 1981) *aff'd*, 687 F.2d 307 (9th Cir. 1982); ECF No. 136, 20:15-23.

Here, as in the Second Amended Complaint, the First Amended Complaint fails to assert facts showing that any Plaintiff was actually confined or "consciously confined" to any room. ECF No. 106, ¶ 373. There is simply no allegation to put Defendants on notice that Plaintiffs are claiming they were imprisoned by Defendants.[27] To be sure, it is one thing to allege that conducting meetings is somehow retaliatory, but quite another to allege that Plaintiffs were essentially held hostage or "confined" in those meetings.[28] *Id.*, at ¶¶ 369-376; *Percy v. S.F. Gen. Hosp.*, 841 F.2d 975, 979 (9th Cir. 1988) ("Fairness to the defendant demands that the defendant be able to anticipate claims that might follow from the facts alleged by the plaintiff."). Thus,

---

[27] In *Percy v. S.F. Gen. Hosp.*, the Ninth Circuit observed that where relation back has been allowed "the defendant was given adequate notice by the prior pleading *of the facts that caused the injury alleged in the amended pleading*." 841 F.2d 975, 980 (9th Cir. 1988) (emphasis added).

[28] As noted by the court in *Beverly Hills Unified Sch. Dist. v. Fed. Transit Admin.*, "perhaps the most useful cases for drawing analogies to the present situation are the cases that have developed the Rule 15 relation-back analysis in the habeas context." No. CV 12-9861-GW(SSx), 2016 U.S. Dist. LEXIS 192573, at *361 (C.D. Cal. Feb. 1, 2016). There, the court observed: "In [the habeas] context, after the Supreme Court's decision in *Mayle v. Felix*, 545 U.S. 644, 659 (2005), (which, in part, rejected the argument that 'the trial itself is the 'transaction' or 'occurrence' that counts' with respect to habeas corpus petitions, *see* 545 U.S. at 660), '[i]t is not enough that the new argument pertains to the same trial, conviction, or sentence.' 2016 U.S. Dist. LEXIS 192573, at *361 (quoting *Hebner v. McGrat*h, 543 F.3d 1133, 1134 (9th Cir. 2008)). *Mayle* specifically rejected the Ninth Circuit's prior "boundless" construction, "because '[u]nder that comprehensive definition, virtually any new claim introduced in an amended petition will relate back, for federal habeas claims, by their very nature, challenge the constitutionality of a conviction or sentence.'" *Hebner*, 543 F.3d at 1138 (quoting *Mayle*, 545 U.S. at 656-57).

1   Plaintiffs cannot rely on Rule 15 to save their untimely claims.[29] Accordingly, this claim should

2   be dismissed with prejudice.

3   **G.  Plaintiffs' Sixth Claim for Relief for Invasion of Privacy Fails to State A Claim Upon Which Relief May Be Granted.**

4   Although Plaintiffs originally asserted two claims (intrusion on seclusion and false light),

5   Plaintiffs have conflated their claims, failed to assert essential elements of their claims, and

6   abandoned arguments.

7   *1.  Plaintiffs limit the scope of this claim.*

8   WLV argued that allegations stating that Plaintiffs may have been surveilled and another

9   employee's cell phone had been seized in support of this claim could not support an invasion of

10   privacy claim. Plaintiffs do not attempt to save these allegations in their opposition thereby

11   conceding the arguments asserted by WLV. *Silver State Broad., LLC*, 2018 U.S. Dist. LEXIS

12   212160, at *21. Thus, these allegations should be dismissed as part of this claim. Accordingly, the

13   scope of this claim is limited to allegations regarding the camera crew at the February 1, 2018

14   birthday party in the Salon asserted by Judy Does 5, 8 and 9.

15   *2.  Judy Does 5, 8 and 9 fail to plead an intrusion on seclusion claim.*

16   WLV argued that Plaintiffs failed to sufficiently plead that Judy Does 5, 8, and 9 had a

17   reasonable expectation of privacy in the Salon, a public place. ECF No. 115 at 33:3-34:3.

18   Plaintiffs' arguments that WLV's citations are inapplicable at this stage[30] are merely an attempt to

19   sidestep their burden. They have not and cannot assert that Judy Does 5, 8, and 9 had a reasonable

20   expectation of privacy, an essential element of this claim, in a public place. Accordingly, this

21   claim should be dismissed.

---

22   [29] *See Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008). (finding no relation back because the amended

23   complaint "had to include additional facts to support" a newly-added compensation claim, where the original complaint included promotion discrimination, hostile work environment and retaliation claims, and the new claim "is a new legal theory depending on different facts, not a new legal theory depending on the same facts."); *In re Dean*, 11

24   B.R. at 545 (concluding "[a]ny reading of the original complaint makes it evident that plaintiff has shifted to new ground in alleging fraudulent conduct on the part of Dean."); *Bank of Am., N.A. v. Bacara Ridge Ass'n Sfr Invs. Pool*

25   *1*, No. 2:16-cv-02533-RFB-NJK, 2020 U.S. Dist. LEXIS 58589, at *11 (D. Nev. Mar. 31, 2020) (denying relation back of new claim in amended complaint where the amended complaint "relie[d] on facts that were not mentioned in

26   the original complaint[.]). Because this claim is time-barred, leave to amend should not be granted as the amendment would be futile. *Giampa v. MidFirst Bank*, No. 2:17-cv-01208-MMD-CWH, 2017 U.S. Dist. LEXIS 185903, at *12

27   (D. Nev. Nov. 9, 2017) ("The Court finds that Plaintiff fails to state a claim for relief and that amendment would be futile as this claim is time barred.")

28   [30] *See* fn. 17.

### 3. *Judy Does 5, 8 and 9 fail to plead a false light claim.*

WLV argued that Plaintiffs failed to plead essential elements of a false light claim. ECF No. 115 at 34:4-35:10. Specifically, Judy Doe 5 failed to plead that she made a statement on camera (including its content), that the recording misrepresented her or the statements she made, or that the recording was publicized (i.e., communicated to the public at large). *Id.* Further, Judy Does 8 and 9 each failed to plead that they were recorded, that the recording misrepresented her or the statements she made, or that the recording was communicated to the public at large. *Id.*

Plaintiffs wholly fail to acknowledge whether any recording was publicized and fail to identify any allegation in the Second Amended Complaint (ECF No. 106) to infer that it was. *See* ECF No. 136 at 21:24-23:6. Because Plaintiffs failed to plead an essential element of a false light claim, it should be dismissed.

**H. Plaintiffs' Seventh Claim, Request for Injunctive Relief, Fails to State a Claim Upon Which Relief Can Be Granted.**

WLV argued that Plaintiffs are not entitled to injunctive relief because they have not alleged that it is necessary. ECF No. 35:11-37:23. Specifically, WLV argues that Plaintiffs' own exhibit (the Massachusetts Gaming Commission Decision and Order) contradicts that injunctive relief is needed because it recognizes the extensive efforts and significant changes already made. *Id.* Furthermore, Plaintiffs have not asserted a single allegation that harassment or retaliation occurred after the summer of 2018. *Id.* Although Plaintiffs assert that the decision of whether WLV intended to engage in unlawful employment practices and whether WLV has already cured any problems should be left with the factfinder, Plaintiffs cannot overcome that this request for relief is self-defeating on its face. Thus, this claim should be dismissed.

**I. Leave to Amend Should Not be Granted.**

Although courts may freely grant leave to amend a complaint under Fed. R. Civ. P. 15, they are not required to grant such leave where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Plaintiffs claims for negligent hiring, training, supervision, and retention, IIED, and false imprisonment should be dismissed with prejudice as futile. As explained above, the claims

for negligent hiring, training, supervision and retention and IIED are preempted. Further, the false imprisonment claim is time-barred. Because amendment cannot cure these deficiencies, these claims should be dismissed without leave to amend because they are futile.

Moreover, all of Plaintiffs' claims[31] should be dismissed with prejudice due to Plaintiffs' repeated failure to cure deficiencies by amendments previously allowed. This is the third time Plaintiffs have attempted to assert a viable claim, and they have again failed to do so. Accordingly, the Second Amended Complaint (ECF No. 106) should be dismissed in its entirety without leave to amend. *Harris v. City of Henderson*, No. 2:15-cv-0337-GMN-PAL, 2017 U.S. Dist. LEXIS 12469, at *13 (D. Nev. Jan. 27, 2017) ("[A]fter allowing Plaintiff to amend his Complaint twice, Plaintiff has consistently failed to allege the necessary facts to support his claims against Henderson Defendants. Because Plaintiff continuously fails to cure the pleading deficiencies, the Court finds that granting Plaintiff leave to amend for a third time on the majority of his claims would be futile.")

### III.   <u>CONCLUSION</u>

For the reasons set forth above, WLV respectfully request that the Court dismiss Plaintiffs' Second Amended Complaint (ECF No. 106) in its entirety.

Dated this 6th day of May, 2022.

JACKSON LEWIS P.C.

*/s/ Deverie J. Christensen*
DEVERIE J. CHRISTENSEN, ESQ.
Nevada Bar No. 6596
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
HILARY A. WILLIAMS, ESQ.
Nevada Bar No. 14645
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101

*Attorneys for Defendants*
*Wynn Resorts, Limited, and*
*Wynn Las Vegas, LLC*

---

[31] With the exception of the false imprisonment claim, which was first asserted in the Second Amended Complaint (ECF No. 106), but which should be dismissed with prejudice as time-barred.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of Jackson Lewis P.C., and that on this 6th day of May, 2022, I caused a true and correct copy of the foregoing **DEFENDANT WYNN LAS VEGAS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** to be served via the Court's CM/ECF electronic filing and service system to the following:

Kathleen J. England, Esq.
**Gilbert & England Law Firm**
610 South Ninth Street
Las Vegas, Nevada 89101

Jason R. Maier, Esq.
Joseph A. Gutierrez, Esq.
Danielle J. Barraza, Esq.
**Maier Gutierrez & Associates**
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89145

*Attorneys for Plaintiffs*

/s/ Kelley Chandler
Employee of Jackson Lewis P.C.