# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

JUDY DOE NO. 1, et al.,

          Plaintiffs,

vs.

WYNN RESORTS LIMITED, et al.,

          Defendants.

Case No. 2:19-cv-01904-GMN-VCF

**ORDER**

PLAINTIFFS' MOTIONS TO PROCEED ANONYMOUSLY AND FOR A PROTECTIVE ORDER [ECF NOS. 20, 21, 127, AND 183]

Judge Navarro referred plaintiffs' motion for leave to proceed under fictious names (ECF No. 20), motion for protective order (ECF No. 21), and plaintiff's first set of supplemental briefing (ECF No. 127) to me for reconsideration given the new allegations in plaintiffs' third amended complaint. ECF No. 169.[1] I ordered the parties to file supplemental briefing regarding whether changes in the third amended complaint (ECF No. 168), when compared with the second amended complaint (ECF No. 106), impact my previous order. I have reviewed the parties' new supplemental briefing. ECF Nos. 183, 186, and 194. I deny the plaintiffs' motions to proceed anonymously (ECF Nos. 20, 127, and 183) and I deny the motion for a protective order as moot (ECF Nos. 21, 127, and 183).

---

[1] It is apparent from the context that ECF No. 20 is also at issue. The parties' new supplemental briefs discuss both ECF Nos. 20 and 21.

**I.       Background**

The history of this case is detailed in my previous written order on the first set of supplemental briefing, which I incorporate by reference here. ECF No. 154. Plaintiffs argue that their third amended complaint "provides far more factual detail and context." ECF No. 183 at 3. Plaintiff Judy Does work at the Wynn/Encore Salon, and they claim that their employer allowed Steve Wynn to sexually harass them. ECF No. 167. In their ninety-two page third amended complaint, the Judy Does bring claims against Wynn Resorts Limited and Wynn Las Vegas, LLC for (1) discrimination based on sex; (2) hostile work environment based on sex/sexual harassment; (3) retaliation; (4) false imprisonment; (5) invasion of privacy; and (6) injunctive relief. *Id.*  The plaintiffs included specific sections for each of the nine Judy Does in their amended complaint. *Id.*

None of the Judy Does allege that Steve Wynn sexually assaulted them, but their allegations of sexual harassment by Steve Wynn at work are serious and not to be trivialized. I have reviewed their new detailed allegations in their third amended complaint and in the supplement, such as, but not limited to, the following: Judy Doe 1 adds an allegation that a "similar incident" occurred in 2017 as part of a series of continuing violations. Judy Doe 2 adds an allegation that defendants entered a secret settlement with the EEOC which did not include Judy Doe 2. Judy Does 3 and 4 add allegations that they fear Steve Wynn's power in the casino industry. Judy Does 5 and 6 add allegations that the incidents in 2017 were part of a series of continuing violations and hostilities from Steve Wynn, facilitated and enabled by Wynn Resorts. Judy Doe 7 adds an allegation that Wynn Resorts pressured her to provide private services to Steve Wynn after he had been outed by the media as a serial workplace harasser. Judy Doe 8 adds an allegation that in 2018 she was "chosen" to provide private salon services in Steve Wynn's villa. Judy Doe 9 adds allegations that she was uncomfortable with Wynn Resorts' "in -room" manicure services program.

The complaint also adds allegations regarding all the Judy Does collectively, including (1) an allegation that none of them have done anything wrong in relation to any of the allegations or the factual bases underlying this suit, including their past status as targets of Steve Wynn sexual misconduct and (2) their legitimate fear of harm if that status were publicly disclosed.

The plaintiffs argue in their new supplement regarding the third amended complaint that they should be allowed to proceed using fictitious names because they will be embarrassed if their identities are revealed. ECF No. 183 at 3. Plaintiffs also argue in their supplement in support of their motion for a protective order that their identities should be protected from Steve Wynn, even though he is likely to be a witness in this case. *Id.* They also argue that Steve Wynn will sue them for "speaking out" if he learns their identities. *Id.* They also note the Ninth Circuit's ruling on the issue, which states:

[T]he district court should reassess the motion to proceed under fictitious names, carefully applying the Ninth Circuit test as articulated in *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000) *and Doe v. Kamehameha Schools,* 596 F.3d 1036 (9th Cir. 2010).

ECF No. 96 at 6.

The defendants argue in their opposition that incorporating the affidavits by reference into the third amended complaint has no impact (i.e., it does not change the Court's prior analysis) because the Court possessed and reviewed the exact same affidavits when analyzing whether plaintiffs met their burden under the requirements articulated in *Advanced Textile* in the previous order. ECF No. 154 at 2, 3, 15-18. Defendants also argue that plaintiffs' request for a protective order, that prevents defendants from disclosing their true names in discovery to non-parties, including to Steve Wynn, would greatly prejudice them. *Id.* The plaintiffs argue in the reply that even though the allegations in the affidavits were available in the prior round of briefing, incorporating them into the third amended complaint puts them in context of the totality of circumstances of what happened. ECF No. 194 at 6.

3

## II. Discussion

### a. Legal Standard

Firmly embedded in the American judicial system is a presumption of openness in judicial proceedings. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 569-574, 100 S. Ct. 2814, 65 L. Ed. 2d 973 (1980) (describing the benefits of full access to the court system); see also *Nixon v. Warner Commc'ns*, 435 U.S. 589, 612, 98 S. Ct. 1306, 1319 (1978) (Noting that the common law right of access to courtroom is a precious common law right, one that predates the Constitution itself.)

That is why our court system has a default preference for openness, and parties are allowed to use pseudonyms "in the 'unusual case' when nondisclosure of the party's identity 'is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment.'" See *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir.2000) (citing *United States v. Doe*, 655 F.2d 920 (9th Cir. 1981) and *Doe v. Madison Sch. Dist.* No. 321, 147 F.3d 832 (9th Cir. 1998)).

If such unusual or special circumstances exist, the district court has discretion to permit a party to remain anonymous so long as "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068 (quotation omitted). The court must "determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Id.* (citing *James v. Jacobson*, 6 F.3d 233, 240-41 (4th Cir. 1993)). The court must also decide "whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.* at 1068-69 (citing *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)).

Federal Rules of Civil Procedure Rule 10(a) commands that the title of every complaint must name all the parties. "The normal presumption in litigation is that parties must use their real names."

*Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010).  In *Advance Textile*, the Ninth Circuit held:

> [A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party. Applying this balancing test, courts have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary "to preserve privacy in a matter of sensitive and highly personal nature"; and (3) when the anonymous party is "compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution[.]"

*Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir.2000) (citations omitted); see also *Doe v. Ayers*, 789 F.3d 944, 945-946 (9th Cir. 2015) (noting that proceeding under a pseudonym is a "high bar.") If a party seeks to sue anonymously based on retaliatory harm (the first situation), courts apply a five-factor balancing test that weighs: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous parties' fears, (3) the anonymous party's vulnerability to retaliation, (4) prejudice to the opposing party, and (5) whether the public's interest in the case requires that litigants reveal their identities. *Kamehameha Sch.*, 596 F.3d at 1042 (citing *Advanced Textile Corp.*, 214 F.3d at 1068). The first and second factors are the most important. *Id*. at 1042-43.

Where a party does not allege a risk of retaliatory harm (e.g., party asserts privacy in sensitive and highly personal matters), courts engage in a condensed analysis weighing: (1) the party's interest in anonymity, including the severity of any likely harm; (2) any prejudice to the opposing party; and (3) the public's interest. *Doe v. United Airlines, Inc.*, No. 2:17-cv-2825-RFB-NJK, 2018 U.S. Dist. LEXIS 141573, at 2-3 (D. Nev. Aug. 21, 2018) (citing *J.J. v. Olympia Sch. Dist.*, 2016 U.S. Dist. LEXIS 86874, at 4 n.1 (W.D. Wash. July 5, 2016); *Doe v. JBF RAK LLC*, No. 2:14-cv-00979-MMD-GWF, 2014 U.S. Dist. LEXIS 98688 (D. Nev. July 18, 2014). District courts have broad discretion to determine whether a

plaintiff may proceed anonymously. *Advanced Textile Corp*., 214 F.3d at 1068; *Kamehameha Schools*, 596 F.3d at 1045-1046.

### b. Analysis

#### i. The Three Situations in *Advanced Textile*

The parties agree and I find that the third situation in *Advanced Textile* (regarding risking criminal prosecution) does not apply in this case. Plaintiffs argue that the first two situations (regarding retaliation and privacy) apply. Since the plaintiffs argue they will face retaliation (the first situation), I apply the five-factor balancing test. See *Kamehameha Sch*., 596 F.3d at 1042 (citing *Advanced Textile Corp*., 214 F.3d at 1068). Since the Judy Does also seek to proceed anonymously because of privacy (the second situation), I also consider the condensed three-step analysis. See *Doe v. United Airlines, Inc.*, No. 2:17-cv-2825-RFB-NJK, 2018 U.S. Dist. LEXIS 141573, at 2-3 (D. Nev. Aug. 21, 2018). Since these balancing tests overlap, I also consider them together.

#### 1. The First Situation: Risk of Retaliatory Harm

##### a. Factors One and Two: Severity of the Threatened Harm and Reasonableness of Fear

Plaintiffs fear they will suffer severe retaliatory harm from multiple sources. They argue that their names must be kept off the public docket because if Steve Wynn, specifically, learns their identities, he will sue them. ECF No. 186. Although the Wynn corporate defendants in this case already know the Judy Does' identities, the Does allege that their current supervisors may not be aware of their litigation and may retaliate against them. *Id.* at 23. The Judy Does also argue that they are still working in the salon and beauty industry, and fear retaliation within the industry. *Id.* at 18. They also argue that that Steve Wynn's powerful friends will retaliate against them. *Id.* No plaintiff claims risk of physical harm.

The Ninth Circuit held that that when a plaintiff faces economic rather than physical harm, the harm must be "extraordinary" to justify granting anonymity, 214 F.3d at 1070-71. The Ninth Circuit distinguished "perhaps typical" fears of termination and blacklisting, which many plaintiffs face, from the "extraordinary" harm required to justify granting anonymity. *Id.* In *Advanced Textile*, the Ninth Circuit overturned the lower court's refusal to grant plaintiffs' request to proceed anonymously. The plaintiffs, Chinese garment workers working on the island of Saipan, feared that if their employers discovered their participation in the suit, they would be terminated. *Id.* Once terminated, they were likely to be deported to China, where they or their family could be imprisoned for failure to pay punitive debts imposed by the employers. *Id.* The Ninth Circuit found that these workers' fears of potential deportation, arrest, and imprisonment constituted "extraordinary" retaliation, meriting an anonymity order. *Id.* The Ninth Circuit found that their fears were reasonable based on the workers' declarations repeating the threats of their employers and since they knew other people who had been imprisoned in China for failure to pay debts. *Id.* at 1065.

The Ninth Circuit distinguished a Fifth Circuit case holding that plaintiff attorneys in a Title VII action had no right to anonymity. See *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir.1979). The Fifth Circuit determined that those plaintiffs' fears of being fired or otherwise retaliated against by their employers for asserting their claims were "typical." *Id.* The Ninth Circuit noted that the Fifth Circuit had "simply held that it was not faced with a case meriting anonymity because the threatened retaliation was not extraordinary." *Advanced Textile Corp.*, 214 F.3d at 1070.

### i. Fear of being sued

The Judy Does fear that if they reveal their identities on the public docket (or to Steve Wynn during discovery), Steve Wynn will retaliate by suing them, which would cause economic harm.

7

Plaintiffs offer no new facts demonstrating their fear of suit is reasonable, so I incorporate my previous analysis regarding this issue. Plaintiffs appear to have dropped their allegation that Wynn will sue them specifically for defamation (which I noted in my previous order would be meritless since their sworn statements in this case are absolutely privileged[2]). They appear instead to argue in general that Wynn will sue them for "speaking out."

There is no threat of severe retaliatory harm here, however, even assuming the Judy Does' fears are true, because <u>there is nothing preventing Steve Wynn from suing the Judy Does now as doe defendants.</u>[3] If Steve Wynn does not yet know their identities, there is nothing preventing him from filing a lawsuit against "Judy Does 1-9." The doe lawsuit is generally a tool in the plaintiff's toolbox – either by bringing the lawsuit as an anonymous plaintiff like the Does in this case—or by bringing a lawsuit against a doe defendant, with the intent of discovering the identity of the doe defendant during litigation. Plaintiffs brought this lawsuit in 2019, and Steve Wynn has not sued them yet. Steve Wynn

---

[2] "[There] is [a] long-standing common law rule that communications uttered or published in the course of judicial proceedings are absolutely privileged so long as they are in some way pertinent to the subject of the controversy. The absolute privilege precludes liability even where the defamatory statements are published with knowledge of their falsity and personal ill will toward the plaintiff." *Sahara Gaming v. Culinary Wkrs. Union*, 115 Nev. 212, 216, 984 P.2d 164, 166 (1999) (quoting *Circus Circus v. Witherspoon*, 99 Nev. 56, 60, 657 P.2d 101, 104 (1983)). An exception, however, is that the absolute privilege does not shield defamatory statements made by a party to the news media—i.e., apparently the circumstances that resulted in Wynn suing Jorgen Nielsen and others for defamation.

[3] I raised this observation in my previous order, but the plaintiffs do not directly address the fact that Wynn can sue them now as doe defendants in their briefing other than to state that it would be easier for Wynn to sue them when he learns their names. ECF No. 183 at 23. See, however, N.R.C.P. 10, "If the name of a defendant is unknown to the pleader, the defendant may be designated by any name. When the defendant's true name is discovered, the pleader should promptly substitute the actual defendant for a fictitious party." See also *Swartz v. Gold Dust Casino*, 91 F.R.D. 543, 546 (D. Nev. 1981) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980))("As a general rule, the use of a fictitious name to identify a defendant is not favored in the Ninth Circuit; however, it is permissible where the identity of the alleged defendant is not known at the time of the filing of the complaint. In such circumstances, the plaintiffs should be given an opportunity through discovery to identify the unknown defendant. Once the identity of the unknown defendant is discovered, plaintiff may amend his complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.")

has no reason to sit back and wait for the anonymous speakers' masks to fall. The Judy Does have already spoken, and Steve Wynn has not sued them.

To judge the reasonableness of plaintiffs' fears, courts "consider the surrounding context and other listeners' reactions to the threats." *Kamehameha Sch.*, 596 F.3d at 1044. Further, the court must also consider "[whether] plaintiffs were threatened, and [whether] a reasonable person would believe that the threat might actually be carried out." *Kamehameha*, 596 F.3d at 1044 (internal quotation marks and citations omitted, alteration in the original). A party does not meet its burden by merely alleging a fear that a person will sue them. See *Doe v. City of Las Vegas*, No. 2:19-cv-00382-GMN-BNW, 2019 U.S. Dist. LEXIS 106645, at 6 (D. Nev. June 25, 2019) (discussing the type and kind of evidence required to show that proceeding anonymously is warranted).

Regarding reasonableness of the fear I, "consider the surrounding context and other listeners' reactions to the threats." *Kamehameha Sch.*, 596 F.3d at 1044. I also consider whether "plaintiffs were threatened, and [whether] a reasonable person would believe that the threat might actually be carried out." *Kamehameha*, 596 F.3d at 1044 (internal quotation marks and citations omitted, alteration in the original). Steve Wynn has not threatened to sue the Judy Does. Plaintiffs only speculate that he might sue them, even though there is nothing preventing him from suing them now. Plaintiffs have not met their burden to show that their fear of being sued reasonably rises to the unusual level required to justify shielding their identity. There are no factors here, like in *Advanced Textile*, such as a high risk of arrest or imprisonment, elevating the Judy Does' fears to the level of an "extraordinary" fear.

### ii. Fear of severe retaliatory harm from supervisors, from within the salon/beauty industry, or from Steve Wynn's powerful friends

Plaintiffs' fear that their supervisors, others in the industry, or powerful friends of Steve Wynn, will retaliate against them. The plaintiffs do not allege that any of Steve Wynn's powerful friends have

9

threatened to retaliate against them, but they allege generally that he has powerful friends in the salon and gaming community that will retaliate against them. ECF No. 183 at 23. The Judy Does also allege that they fear retaliation in the "salon industry" in general. *Id.* at 3. The Judy Does do not give specific examples of any threatened retaliation from their managers or from within the salon/beauty/gaming industry, but their allegations imply that they face reduced work, possible termination, or blacklisting within the salon/beauty industry.

These arguments open the figurative flood gates. Most sexual harassment plaintiffs, with claims like the Judy Does in this case, file claims in this court using their real names. Many employees would prefer to litigate their cases against their employers in secret. The presumption that plaintiffs should proceed under their real names, as highlighted by Rule 10, reflects the openness of our public courts. The plaintiff's fears of retaliation from current or potential future employers are not "extraordinary" as contemplated by the Ninth Circuit in *Advanced Textile*.

The Ninth Circuit noted that the District Court could not rely on the anti-retaliation provisions of the Fair Labor Standards Act to protect the plaintiffs because, once they were deported to China, these provisions would be effectively impossible to enforce. *Advanced Textile*, 214 F.3d at 1071. Employment law in the United States offers many protections for workers against retaliation, unlike the plaintiffs in *Advanced Textile*. Plaintiffs have not met their burden of showing both (1) that they have a fear of severe harm, and (2) that their fear of severe harm is reasonable. See *Kamehameha Sch.*, 596 F.3d at 1042.

### b. Factor Three: Vulnerability to Retaliation

Regarding vulnerability to retaliation, in *Advanced Textile*, the Ninth Circuit found that the workers were very vulnerable to retaliation because their employment contracts prevented them from seeking any other work on Saipan. 214 F.3d at 1065. The Judy Does argue that Steve Wynn has sued

other people who have made similar public allegations about him. Since there is nothing stopping Steve Wynn from suing them now, however, they are probably not vulnerable to a pure retaliatory lawsuit, absent some other factor.

Plaintiffs have not alleged that they have faced any retaliation since filing their EEOC Charges (in 2018) nor this case (in 2019). Steve Wynn and other executives identified in plaintiffs' complaint are no longer employed by the defendants in this case. Plaintiff's fear that their supervisors, others in the industry, or powerful friends of Steve Wynn, will retaliate against them are not reasonable because anyone who works for a large company would be able to make a similar argument. The standard cannot be that employee-plaintiffs of large companies (led by wealthy CEOs) can litigate in secret, but employee-plaintiffs of small companies (led by less powerful CEOs) must litigate in public.

Unlike the *Advanced Textile* plaintiffs, the plaintiff Judy Does have not been threatened with any type of retaliation from any of these actors. The plaintiff Judy Does do not allege that any of the other victims been blacklisted in their industry for making similar allegations. Unlike in *Advanced Textile*, the plaintiffs do not allege that the defendants here will terminate and deport their workers and thus take the matter outside the Court's jurisdiction. Plaintiffs' vulnerability to retaliation if their names are disclosed to Steve Wynn or other non-parties is minimal. Plaintiffs have not met their burden to show that they are vulnerable to retaliation.

       **c. Factors Four and Five: Prejudice to the Opposing Party and the Public's Interest**

Defendants argue that plaintiffs have not met their burden. Defendants strongly oppose plaintiffs' motion to remain anonymous to prevent Steve Wynn from learning their identities. Defendants argue they need to disclose plaintiffs' identities to Steve Wynn and other non-parties to adequately investigate plaintiffs' allegations, conduct discovery, and to prepare their defense in this case. One of the plaintiffs' biggest fears is for Steve Wynn to learn their identity. Plaintiffs propose that

Steve Wynn can be interviewed and deposed in this case without knowing their names because he will be able to look at each of the Doe declarations and their charges on paper.

The Ninth Circuit noted in *Advanced Textile* that the Court should "determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Advanced Textile Corp.*, 214 F.3d at 1068. Plaintiffs' request to conceal their identities from Steve Wynn, the named perpetrator, and other non-parties, will greatly prejudice the defendants once discovery opens.

Plaintiffs also argue their identity is not crucial to the resolution of this case. They argue that remaining anonymous would not obstruct the public's ability to scrutinize the important issues in this case. Openness in judicial proceedings fosters the press's ability to research the litigants' backgrounds (which may bear on matters pertaining to credibility) and the potential motivations for suing. That information may be central to the public's broader understanding of this case. Allowing the plaintiffs to proceed without using their true names undermines these important values.

Federal courts are courts of public record, and the strong presumption is that the public has a right to know who is seeking what in court and whether he or she is entitled to the relief sought. The presumption can be overcome in unusual cases where anonymity is critical. This is not such an unusual case. The public interest factor weighs against allowing the plaintiffs to proceed anonymously.

Except for limited discovery relevant to the defendants' corporate structure, discovery is currently stayed pending a motion to dismiss. I find that any prejudice to the defendants and the public is minimal at this stage. If this case survives the motion to dismiss and discovery opens, however, both prejudice factors weigh against the plaintiffs.

### 2. The Second Situation: Preservation of Privacy in a Matter of Sensitive and Highly Personal Nature

I have already analyzed the severity of harm from the perspective of retaliation, so now I apply the condensed analysis, per *United Airlines, Inc.*, regarding the severity of any likely harm, the party's interest in anonymity, and prejudice (to the defendants and the public interest) in the context of the second situation. *Doe v. United Airlines, Inc.*, No. 2:17-cv-2825-RFB-NJK, 2018 U.S. Dist. LEXIS 141573, at 2-3 (D. Nev. Aug. 21, 2018). Plaintiffs argue that they should be permitted to use fictitious names because they are afraid of having to relive their traumatic experiences publicly and while at work. ECF No. 183. For example, plaintiffs argue that clients might identify them as one of Steve Wynn's victims and make intrusively thoughtless comments. *Id.*

Plaintiffs' allegations involve sensitive issues that are personally embarrassing to them. There are no allegations of sexual assault in this case. The defendants argue that the type of sexual harassment they allege Steven Wynn subjected them to are all within the realm of a Title VII sexual harassment suit. The Judy Does claim they were subjected to unwelcome verbal and/or physical conduct of a sexual nature by Steve Wynn. Title VII plaintiffs, however, usually bring their suits in their own names. The Judy Does argue that this case is different from other Title VII sexual harassment suits because of the identity of Steve Wynn. Plaintiffs contend that Steve Wynn's wealth and notoriety make this case different, rather than the actual allegations.

I assume for the purposes of this order that all the Judy Does allegations against Steve Wynn, which are horrific, are true. Many sexual harassment plaintiffs have brought horrific claims against their supervisors and have done so using their real names. Plaintiff's contention here is that it is the identity of Steve Wynn, i.e., of being identified as one of Steve Wynn's victims, is what makes this case different from other sexual harassment cases. This argument, however, inappropriately discounts the trauma felt by people who are sexually harassed by supervisors who are not famous.

Allowing plaintiffs in general to proceed anonymously against famous perpetrators in sexual harassment cases based on the perpetrator's identity will lower the public's confidence in the courts. Considering the acts (not the identity) of the perpetrator, as alleged by similarly situated sexual harassment plaintiffs, serves the public interests of treating like cases alike and protecting open courts. The plaintiffs' fear of harassment, injury, ridicule, or personal embarrassment in this case are equally present for all similarly situated sexual harassment victims and is not extraordinary. The plaintiffs' interest in remaining anonymous is greatly outweighed by the prejudice to the public. The plaintiffs have not met their burden regarding the factors in the second situation.

### III.   Conclusion

There are no new facts in the third amended complaint that impact my prior detailed analysis. ECF No. 154. In weighing these factors again considering the new supplement (ECF No. 183), I conclude that plaintiff has not met the high burden required by the law of this Circuit. Proceeding anonymously is the exception to the rule. *Advanced Textile*, 214 F.3d at 1067. The plaintiff's allegations do not meet the high standard of "extraordinary harm." I deny plaintiffs' request to proceed anonymously. Since discovery is substantially stayed pending the outcome of a motion to dismiss, and I consider prejudice at each stage of the litigation, implementation of this order is also stayed pending the outcome of the motion to dismiss. Since I order that the Judy Does may not proceed under fictious names on the public docket, I deny their proposed protective order that conceals their identity from Steve Wynn and others as moot.

ACCORDINGLY,

I ORDER that plaintiff Judy Does Nos. 1-9's motions to proceed anonymously (ECF Nos. 20, 127, and 183) are DENIED.

I FURTHER ORDER that plaintiff Judy Does Nos. 1-9's motions for a protective order (ECF Nos. 21, 127, and 183) are DENIED AS MOOT.

I FURTHER STAY implementation of this order pending the outcome of the motion to dismiss. Although implementation of this order is temporarily stayed, the time to object is still within fourteen days of the date of this order. See Local Rules IB 3-1 and IB 3-2.

IT IS SO ORDERED.

DATED this 17th day of July 2023.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE